■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. MOZART BLUE and ANTHONY BORGES, Appellants.— Appeal by defendants from judgments of the Supreme Court, Queens County, rendered October 25, 1968 as to defendant Borges (indictment 2004/67), and October 30, 1968 as to defendant Blue (indictment 2009/67), convicting them of robbery in the first degree and related crimes, upon a jury verdict, and imposing sentence. Judgment convicting defendant Blue affirmed. No opinion. Case of defendant Borges remitted to the trial court for a hearing and a determination as to whether the lineup identification and the in-court identifications of him were unduly influenced by prejudicially suggestive identification methods. In the interim, the appeal by Borges will be held in abeyance. The People's witness had never seen defendant Borges before the robbery and observed him only briefly during the commission

of the crime. Several weeks later, he identified Borges from a single photograph shown to him by a police officer. One week later, he identified Borges in a lineup and thereafter identified him at the trial. The police officer who showed the photograph to the witness was not available to testify at a suppression hearing as to the facts surrounding the exhibition of the photograph. Accordingly, the case as to Borges should be remanded for a hearing in accordance with our opinions in *People* v. *Borges* (35 A D 2d 585) and *People* v. *Branch* (34 A D 2d 541). At the hearing, the police officer who showed the photograph, as well as those present in the anteroom at the lineup, should be called to testify. The court should establish, among other things, what the officer said to the witness when showing Borges' picture to him and what the witness' response was at that time, as well as what conversation there was, if any, among the witnesses in the anteroom concerning the persons in the lineup. The record also shows that the former attorney for both defendants was called at the pretrial identification hearing as a witness for the People and testified as to the fairness of the lineup procedure. While we cannot approve such a practice, this does not constitute reversible error in this instance, inasmuch as the fairness of the lineup procedure was amply demonstrated by other evidence. Munder, Acting P. J., Martuscello, Latham, Gulotta and Benjamin, JJ., concur.