■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FLOYD COLES, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered April 19, 1973, convicting him of assault in the second degree and possession of weapons and dangerous instruments and

appliances, as a felony, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. Questions of fact have not been raised or considered. The trial court abused its discretion in permitting the prosecution to reopen its case to adduce testimony by alleged eyewitnesses which the prosecution should have presented in its main case. These witnesses were not properly rebuttal witnesses (see *People v Richardson,* 25 AD2d 221). The prosecution showed no satisfactory reason why they could not have been called in its case-in-chief, since it admittedly knew their names and addresses prior to the trial. The calling of these witnesses was inherently prejudicial to defendant *(People v Richardson, supra; People v Baylis,* 75 Misc 2d 397). Further, the prosecutor's summation improperly vouched for his own witness, complainant Ronald Coleman (see *People v Figueroa,* 38 AD2d 595). He also unfairly and prejudicially stated that even defense counsel did not believe his own client's alibi. This remark is so similar to the one found improper in *People v Tassiello* (300 NY 425) that mere citation of that case is sufficient here. Even though there was no objection to these remarks, they were so prejudicial that the interest of justice requires reversal on this ground. Hopkins, Acting P. J., Cohalan and Brennan, JJ., concur; Latham and Munder, JJ., dissent and vote to affirm the judgment.