THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ZEPHANIAH X. FLUKER, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered October 1, 1974, convicting him of murder and attempted murder, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. The facts have been considered and are determined to have been established. Defendant was indicted and convicted for the murder of one Julio Rodriguez, and the attempted murder of one Francisco Rivera. The People's case rested primarily on the eyewitness testimony of Rivera and his two stepdaughters, who identified defendant as the perpetrator. Defendant produced two alibi witnesses, and testified on his own behalf as well. On rebuttal, the People were permitted to introduce evidence, through the testimony of the investigating officer, that the eyewitnesses had made a pretrial photographic identification of the defendant. This constituted reversible error. A witness may not testify to an extrajudicial identification of a defendant's photograph *(People v Griffin,* 29 NY2d 91; *People v Caserta,* 19 NY2d 18; *People v Cioffi,* 1 NY2d 70). The error was compounded here since the testimony did not come from the person who made the identification, but from a police officer. The detective's testimony, therefore, constituted improper bolstering of the eyewitness' identification (see *People v Trowbridge,* 305 NY 471). In any event, this testimony constituted improper rebuttal evidence. "Evidence which places a

defendant at the scene of the crime° is and must be offered as part of the People's direct case and cannot be presented in rebuttal of an alibi defense" *(People v Baylis,* 75 Misc 2d 397, 399; see, also, *People v Richardson,* 25 AD2d 221; *People v Coles,* 47 AD2d 905). For the same reasons, the trial court erred in allowing the detective to testify on rebuttal that the defendant began crying upon his arrival for his arraignment; and that, upon query from the detective, the defendant stated "I was there" (see *People v Coles, supra; People v Richardson, supra).* Finally, the prosecutor, in summation, unfairly and prejudicially stated that defense counsel did not believe his own client's alibi. This remark is similar to that found improper in *People v Tassiello* (300 NY 425). Even though there was no objection made by defense counsel at trial, the remark was so prejudicial that the interest of justice requires reversal on this ground. Accordingly, a new trial has been ordered. Cohalan, Acting P. J., Margett, Damiani, Rabin and Titone, JJ., concur.