■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENNY NEALY, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered June 21, 1974, convicting him of robbery in the second degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment affirmed. No opinion. Rabin, Shapiro, Titone and Hawkins, JJ., concur; Martuscello, Acting P. J., dissents and votes to reverse the judgment and order a new trial, with the following memorandum: Appellant and a codefendant were tried jointly for crimes arising out of the forcible taking of a pocketbook from the complainant. Alibi testimony was introduced on behalf of the appellant which, taken as true, established that appellant and the codefendant were elsewhere at the crucial time in question. During his summation to the jury, the codefendant's attorney stated that his client did not join in this alibi but rested his case upon the weakness of the evidence introduced by the People. Thereafter the prosecutor, in his summation, strongly and unmistakably implied that the attorney for the codefendant did not believe the appellant's alibi, which implication has no support in the record. This remark is similar to those recently held to be improper in *People v Fluker* (51 AD2d 1045) and *People v Coles* (47 AD2d 905). Even though there was no objection made by appellant's attorney, the remark was so prejudicial that the interest of

justice requires a new trial on this ground. I have examined appellant's other contentions and find them to be without merit.