having been left open by defendant, to check out the VIN plate number. As he did so, he observed a part of the handle of what appeared to be a gun protruding from underneath the rear of the driver's seat. Officer Monahan retrieved the gun and placed defendant under arrest. Criminal Term indicated that it was otherwise inclined to hold the door-post examination valid but, upon a fact finding that defendant had pulled out from the curb in such a manner as to only cause the police car to "brake slightly", deemed a "mere inconvenience", held that the initial stopping of the vehicle had been improper. We disagree. This is not a case of a stop based upon suspicion, either that criminal activity was afoot (see, e.g., *People v Martinez,* 37 NY2d 662; *People v Puglisi,* 51 AD2d 695) or that the defendant somehow did not appear to belong in the car he was driving (see, e.g., *People v Murray,* 48 AD2d 907). Nor was this a stop for a routine traffic check based upon mere whim or caprice (see, e.g., *People v Simone,* 39 NY2d 818; *People v Ingle,* 36 NY2d 413). Rather, we have here "specific and articulable facts" which supported the existence of "reasonable suspicion", in the minds of the police officers, that defendant had violated the Vehicle and Traffic Law in the manner in which he had pulled his car away from the curb (see Vehicle and Traffic Law, § 1162; *People v Ingle, supra,* pp 419, 420; *People v Middleton,* 50 AD2d 1040). The initial stop having been entirely proper, neither the weapon found therein (in partial "plain view" through the open door when the officer went to examine the door post for the VIN plate) nor the allegedly spontaneous statement as to the gun's origin, made by defendant upon its discovery, should have been suppressed. Hopkins, Acting P. J., Martuscello, Cohalan, Rabin and Titone, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN RUSSELL, Appellant.—Judgment of the Supreme Court, Queens County, rendered March 25, 1976, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPL 460.50 (subd 5). Cohalan, Acting P. J., Margett, Damiani, Rabin and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERN SALICA, Appellant.—Judgment of the County Court, Nassau County, rendered September 30, 1975, affirmed. No opinion. This case is remitted to the County Court, Nassau County, for further proceedings pursuant to CPL 460.50 (subd 5). Hopkins, Acting P. J., Martuscello, Latham, Titone and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRIS TATUM, Also Known as CHRISTOPHER GRAY, Appellant.—Appeal by defendant from a judgment of the County Court, Westchester County, rendered February 27, 1976, convicting him of attempted rape in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. The prosecutor, in his summation, stated that the attorneys for the defendants in this case (appellant was tried with two codefendants) didn't believe the defendants' story, and yet expected the jury to believe it. That was improper (see *People v Coles,* 47 AD2d 905; *People v Fluker,* 51 AD2d 1045) and was reversible error, even in the absence of an objection by defense counsel at the trial (see *People v Coles, supra).* We have examined appellant's other contentions and find them to be without merit. Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL