(January 6, 1977)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LAVERNE EDWARDS and THOMAS EDWARDS, Appellants.—Appeals by defendants from two judgments of the County Court, Westchester County (one as to each of them), both rendered February 27, 1976, convicting them of attempted rape in the first degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgments reversed, as a matter of discretion in the interest of justice, and new trial ordered. In *People v Tatum* (54 AD2d 950), a case involving the codefendant with whom appellants were tried, this court reversed the judgment and ordered a new trial, stating, *inter alia:* "The prosecutor, in his summation, stated that the attorneys for the defendants in this case (appellant was tried with two codefendants) didn't believe the defendants' story, and yet expected the jury to believe it. That was improper (see *People v Coles,* 47 AD2d 905; *People v Fluker,* 51 AD2d 1045) and was reversible error, even in the absence of an objection by defense counsel at the trial (see *People v Coles, supra).*" The attorneys for the respective parties have stipulated that the judgments against appellants should be reversed. In his affidavits in support of said stipulations, the Assistant District Attorney stated: "As the comments of the prosecutor which this Court found constituted reversal *[sic]* error in *Tatum* were as much directed against Thomas Edwards and Laverne Edwards as they were Chris Tatum, the People feel constrained to consent to the reversal of the judgment of convictions against Thomas Edwards and Laverne Edwards. The People believe that the interests of justice will best be served by this course of action. The efficient administration of justice will also be aided as the three defendants can then be retried jointly." Martuscello, Acting P. J., Latham, Cohalan, Damiani and Hawkins, JJ., concur.