■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM KANE, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered September 9, 1974, convicting him of grand larceny in the third degree and assault in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No questions of fact have been raised or considered. In the course of his summation the prosecutor made three remarks which, taken singly or in the composite, deprived defendant of a fair trial (see *People v Crimmins,* 36 NY2d 230). The offending and completely uncalled for remarks were that defense counsel: (1) had money as his sole motive for representing defendant (actually, the defense counsel was a staff attorney for the Legal Aid Society); (2) did not believe in his client's innocence (we have previously held that

such a remark constitutes reversible error [People v Coles, 47 AD2d 905; People v Fluker, 51 AD2d 1045; see, also, People v Tassiello, 300 NY 425]); and (3) was a "flat liar". This last remark, while not objected to, nevertheless, taken together with the others, constitutes prejudicial error (see People v Shanis, 36 NY 697; People v Lombardi, 20 NY2d 266, 272–273), and necessitates a new trial. It is high time for overzealous prosecutors to awaken to the realization that invective and insult can neither substitute for nor supplement, good, solid proof. At bar, the evidence of guilt was overwhelming. The thief was literally caught in the act by a police officer parked nearby in an unmarked car. The case was "open and shut". Nevertheless, and irrespective of the quantum of proof adduced by the prosecution, defendant is entitled to a fair trial, of which he was deprived by the deplorable tactics of the Assistant District Attorney who prosecuted this indictment. Martuscello, Acting P. J., Cohalan, Rabin and Mollen, JJ., concur.