■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE OWENS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County, rendered August 7, 1974, convicting him of robbery in the first degree and grand larceny in the third degree, upon a jury verdict, and imposing sentence. Judgment modified, on the law, by (1) reversing the conviction of grand larceny in the third degree and the sentence imposed thereon, and the said count is dismissed, and (2) vacating the sentence imposed upon the robbery conviction. As so modified, judgment affirmed and case remanded to the Criminal Term for further proceedings with regard to sentence in accordance herewith. On this appeal the defendant raises four arguments: (1) that it was reversible error for his former defense counsel to testify at his *Wade* hearing as to the fairness of a lineup procedure; (2) that his trial was irreparably prejudiced by the prosecutor's summation; (3) that his grand larceny conviction must be reversed as a matter of law; and (4) that the sentence imposed was unauthorized and illegal. At the *Wade* hearing held prior to the trial, the People were permitted to call as a witness, over defense counsel's objections, defendant's former attorney, who had been present at the lineup conducted shortly after the crime had been committed. He testified as to how the lineup had been arranged and his role therein. At the lineup, the complainant identified the defendant as her assailant. We previously indicated our disapproval of such practice in *People v Blue* (37 AD2d 581), and stress the undesirability of its continued use. In this instance, however, it did not constitute reversible error since the fairness of the lineup procedure was demonstrated by other proper and convincing evidence. The defendant also claims that certain statements made by the prosecutor during his summation were so prejudicial as to deny him a fair trial. The comments were not so disparaging of defense counsel as to constitute grounds for reversal (see *People v Kane*, 57 AD2d 575). They were not such "verbal crudities and rantings" as would have both inflamed the jury and degraded the People and, hence, are not of the type readily to be condemned by reversal (cf. *People v Brosnan*, 32 NY2d 254, 274; *People v Shields*, 58 AD2d 94). Defendant further objects to the prosecutor's references, upon his summation, to the testimony of alibi witnesses. However, the court's charge in this regard explained the law as to the defense of alibi and properly instructed the jury as to the burden borne by the People. It is the charge that distinguishes this case from *People v Hamlin* (58 AD2d 631). The proof of guilt, furthermore, was overwhelming. The defendant was convicted of both robbery in the first degree and grand larceny in the third degree. Since the latter is a lesser included offense of the former, the defendant's grand larceny conviction has been reversed and that count dismissed (see *People v Grier*, 37 NY2d 847). Respecting the sentence imposed, the defendant was sentenced as a second felony offender on the robbery conviction to an indeterminate term with a minimum of 10 years and a maximum of 20 years. The sentencing minutes, however, as conceded by the People, do not indicate compliance with CPL 400.21, i.e., a judicial finding of a prior predicate felony. The various court records offered to

establish compliance, such as the sentencing court's "calendar sheet", pursuant to CPL 400.21 (subd 2), although unquestionably establishing that, indeed, defendant was a second felony offender, represent insufficient compliance with the meticulous safeguards mandated by CPL 400.21 (subds 2, 3). Less than scrupulous adherence to these requirements cannot be cured by court or official documents aliunde the *allocution.* The question of whether a proper minimum sentence had been imposed should be reviewed upon the resentencing. Latham, J. P., Shapiro, Hawkins and Suozzi, JJ., concur.