■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT K. HARRIS, Appellant.—Judgment of the Supreme Court, Queens County, rendered February 17, 1977, affirmed. No opinion. This case is remitted to the Supreme Court, Queens County, for further proceedings pursuant to CPLR 460.50 (subd 5). Mollen, P. J., Hopkins, Titone, Shapiro and O'Connor, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HATTERSON, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Queens County, rendered June 30, 1976, convicting him of rape in the first degree, sodomy in the first degree and robbery in the third degree, upon a jury verdict, and imposing sentence. Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial granted. In our opinion, the denial of the defense motion for employment of a physician and a psychiatrist at the city's expense (see County Law, §§ 722-c, 722-e) constituted an improvident exercise of discretion. The record indicates that the People, during their direct case, offered testimony by an expert in the field of psychotherapy to the effect that the complainant was a "compliant" or "obedient" person, "suffering from an anxiety reaction", who would not try to escape from her captors, but instead would attempt to appease them. Furthermore, on rebuttal, the People called the physician who had signed the laboratory record pertaining to his examination of the complainant shortly after the 72 hours she allegedly spent under duress with defendant. In connection with defendant's denial of having had sexual intercourse with the complainant during the 72-hour period, the physician testified that, based upon his examination of the complainant and his report, there was seminal fluid in her vagina. Based upon this and other findings, he concluded that there had been sexual intercourse within the 72-hour period in question. The defendant sought to establish that complainant had gone with him willingly and that he had not had sexual intercourse with her. Although the record establishes that the defendant had retained counsel, it should also be noted that the trial court authorized the assignment of a private investigator for defendant under article 18-B of the County Law. In view of such fact, and also that defendant was unable to furnish bail in the sum of $20,000 at any time before or during the trial, and in the light of the testimony of the expert in the field of psychotherapy, this would seem a fitting case for application of the pertinent statutes under article 18-B (cf. County Law, §§ 722-c, 722-e; *People v Irvine,* 40 AD2d 560). We also are of the opinion that the trial court erred in allowing the physician to testify on rebuttal concerning his physical examination of the complainant and his ensuing report. In our opinion such evidence should have been offered as part of the People's direct case (cf. *People v Fluker,* 51 AD2d 1045; *People v Reagan,* 49 AD2d 913; *People v Coles,* 47 AD2d 905). Hopkins, Titone, Shapiro and O'Connor, JJ., concur; Mollen, P. J., dissents and votes to affirm the judgment.