■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICKEY GALE, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered March 26, 1986, convicting him of robbery in the first degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

While we conclude that the evidence presented by the prosecution was legally sufficient to sustain the verdict con-

victing the defendant, and the verdict was not against the weight of the evidence, we conclude that he was denied a fair trial by improprieties committed by the trial prosecutor during his summation, as well as by the trial court's erroneous charge concerning the defendant's failure to testify.

The record reveals that during summation, the prosecutor deliberately employed an alleged prior inconsistent statement of the codefendant, Joel Hall, which was admissible only for the purpose of impeaching Hall's credibility after he took the stand *(see, People v Wise,* 46 NY2d 321), as evidence-in-chief of the commission of the charged offenses by both of the defendants. Moreover, while the alleged statement had been made by Hall, the prosecutor attributed it to the instant defendant while urging the jurors to consider it as direct proof of the defendant's consciousness of guilt. The use of the statement as evidence-in-chief was patently improper; nor are we satisfied that the brief, generalized limiting instruction provided by the court in its subsequent charge to the jury was sufficient to alleviate the prejudice which both of the defendants suffered as a result of the prosecutor's remarks.

Moreover, the defendant, who did not testify at trial, was further prejudiced by the prosecutor's summation comments that: "Mr. Gale apparently does all the talking in this case and Mr. Hall does all the testifying about what Mr. Gale said. And in the end, of course, it is always, well, I assume Mr. Gale heard this and stuff like that. We just can't really tell for sure". These remarks clearly constituted improper commentary upon the instant defendant's failure to take the stand, and they further implied that because of his silence, a true picture of the manner in which the offense was committed could not be obtained. As such, these comments constituted serious and prejudicial error *(see, e.g., People v Mirenda,* 23 NY2d 439; *People v Concepcion,* 128 AD2d 887; *People v Kent,* 125 AD2d 590; *People v Brown,* 91 AD2d 615). While we note that the trial court sustained an immediate objection to the challenged remarks and then instructed the jurors to disregard them because Hall's testimony "in no way should afford the People an opportunity to analyze that the one who supplies the information is Gale and the one who relates that information is Hall", the confusing nature of this instruction and its failure to convey the principle that no unfavorable inference could be drawn from the defendant's failure to testify leads us to conclude that it failed to cure the error.

Finally, the aforementioned error was compounded by the trial court's excessively lengthy charge on the issue of the

defendant's failure to testify, which drew attention to his silence and which contained language implying that his decision not to take the stand was a mere matter of trial strategy rather than the exercise of his constitutional right *(see, People v Reid,* 135 AD2d 753; *People v Concepcion, supra; see also, People v McLucas,* 15 NY2d 167; *People v Abreu,* 74 AD2d 876).

In view of the foregoing errors, which mandate reversal of the judgment of conviction and a new trial, we need not consider the defendant's remaining contentions. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.