■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOEL HALL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Meyerson, J.), rendered February 20, 1986, convicting him of robbery in the first degree, grand larceny in the third degree, criminal possession of stolen property in the third degree, and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is reversed, on the law and as a matter of discretion in the interest of justice, and a new trial is ordered.

Despite the existence of legally sufficient evidence to support the defendant's conviction of the above crimes, and the fact that the verdict was not against the weight of the evidence, we find that several instances of prosecutorial misconduct during the People's summation deprived him of a fair trial.

Initially, the record demonstrates that the prosecutor improperly used a prior inconsistent statement of the defendant, which was admissible solely for the purpose of impeachment, as evidence-in-chief of the defendant's guilt of the crimes charged in the indictment *(see, People v Gale,* 138 AD2d 401 [decided herewith]).

Furthermore, the prosecutor erred in arguing to the jury that the defendant's counsel had not discussed his client's testimony during the defense summation because the testimony was "a crock" and "a lie". Comments of this nature which clearly suggest that counsel does not believe his own client's testimony have been condemned repeatedly by the courts due to the substantial and unfair risk of prejudice which they create *(see, e.g., People v Jones,* 74 AD2d 854; *People v Kane,* 57 AD2d 575; *People v Tatum,* 54 AD2d 950; *People v Fluker,* 51 AD2d 1045). Moreover, the prejudice resulting from this remark was exacerbated by the trial court's overruling of the defense counsel's prompt objection and by its statement that the comment was a permissible expression of the prosecutor's personal opinion *(see generally, People v Ashwal,* 39 NY2d 105).

Similarly, we note that the prosecutor further erred in advancing his personal opinions regarding the merits of the case at numerous points in the summation *(see, People v Ortiz,* 125 AD2d 502), in repeatedly accusing the defendant of lying on the witness stand *(see, People v Ortiz, supra; People v Ricchiuti,* 93 AD2d 842; *People v Alston,* 77 AD2d 906), and in suggesting, without any evidence in the record of an erroneous translation, that the discrepancies in the complainant's testimony were due to the fact that the complainant was required to testify through an interpreter *(see, People v Rivers,* 96 AD2d 874). While some of the prosecutor's comments might have been justified in some measure by the defense counsel's summation comments *(see, e.g., People v Marks,* 6 NY2d 67, *cert denied* 362 US 912), we conclude that the repeated and pervasive improprieties in this case exceeded the realm of reasonable response to the defense counsel's arguments *(see, People v Wandoloski,* 128 AD2d 568) and necessitate a reversal of the defendant's judgment of conviction.

In light of the foregoing, we do not consider the defendant's additional contentions. Bracken, J. P., Weinstein, Rubin and Sullivan, JJ., concur.