OPINION OF THE COURT
Stephen G. Crane, J.
The New York City Police Department moves, in essence, to vacate an order directing its Auto Crime Division to supply an expert to assist the defense.
This is a case of arson. (Penal Law § 150.10.) The defendant is accused of setting fire to two motor vehicles (Penal Law § 150.00), a 1977 Chevrolet van and a 1982 Chevrolet van. Previously, defendant moved to dismiss this prosecution in furtherance of justice (CPL 210.40). The court directed a hearing that is yet to be conducted.
*782 In anticipation of this hearing, as well as in preparation for trial if dismissal is not merited, defense counsel sought to develop evidence that the vans do not belong to the complainants. Counsel succeeded in raising doubts, and she tried to pursue this line of inquiry by requesting an inspection of the vehicles in her demand for discovery. To enhance this inspection, counsel needs an expert to examine the vans for their nonpublic vehicle identification numbers (VINS). These experts exist only in the Auto Crime Division of the New York City Police Department and in the National Auto Theft Bureau whose services are available solely to member insurance companies. Even the FBI experts are on assignment from the New York City Auto Crime Unit.
In order to conceal from the prosecutor the defense strategy concerning these vans, defendant applied ex parte (cf, CPL 240.90 [3]) for an order directing the New York City Police Department Auto Crime Division to assign an experienced officer to join in the inspection of the vehicles for the purpose of ascertaining whether the nonpublic VINS reveal any irregularities. Such an order, dated July 25, 1988, was entered.
The New York City Police Department (movant) now applies for an order pursuant to CPL 240.50 to deny inspection of the vehicles because the movant lacks custody of them and a search warrant is required before they may be inspected.
CPL 240.50 authorizes any affected person, including movant, to seek a protective order. It would be a simple matter to decide this application in the form in which it is submitted. It would be denied out of hand because no search warrant is necessary for the inspection of the prosecutor’s evidence and lack of custody by the movant is irrelevant. This would result in an order in a criminal action reviewable only on defendant’s appeal from a judgment of conviction. (CPL art 450.) By contrast, if this motion be treated as an application to vacate the ex parte order dated July 25, 1988, it will require the court to confront the nice issues of constitutional dimension presented by defendant’s original ex parte request and will result in an order appealable by movant, if aggrieved by the order, as made on the civil side. (Cf., Matter of Abrams [John Anonymous], 62 NY2d 183; People v Johnson, 103 AD2d 754; People v Marin, 86 AD2d 40.)
The motion to vacate the order of July 25, 1988 advances no substantive ground other than the novelty of the order and movant’s desire not to comply with it. In candor, movant on *783 oral argument revealed that it wishes to avoid setting a precedent. Of course, that motivation might better have dictated silent compliance rather than vocal opposition risking an adverse published judicial opinion. Be that as it may, on the merits the motion to vacate must be denied.
It is indisputable that an indigent defendant is entitled to access to expert assistance at public expense. (County Law § 722-c; Ake v Oklahoma, 470 US 68; People v Hatterson, 63 AD2d 736.) Likewise, a defendant is entitled to compulsory process to obtain witnesses. (Civil Rights Law § 12.) While this right may not extend to the compulsion of private experts without compensation,[1] the movant is not a private party. The spirit of the defendant’s right to compulsory process surely extends to movant and its experts. To hold otherwise is to allow one arm of government — the police department — to resist efforts to help a defendant, thereby enhancing the success of another limb of government — the District Attorney —in prosecuting him. Certainly, neither the Constitution of the United States nor the Constitution of the State of New York draws a distinction for purposes of due process and equal protection between one branch of the executive and another. Rather, due process and equal protection are concerned with the use of executive power by whomever it is wielded.
Where the government holds a monopoly of expertise on a matter that reasonably bears on a defense in a criminal action, due process requires that a defendant be afforded access to this expertise. Such a rule places the defendant in the same position as the prosecutor because the District Attorney unquestionably has the right to compel the police department auto crime experts to cooperate with the People in an appropriate case.[2]
Because of the novelty of defendant’s application for the July 25, 1988 order, the court was required to satisfy itself that to grant it was not only appropriate but unavoidable. *784 Without such a rigorous scrutiny, such applications could multiply, thereby threatening to cast an intolerable burden on the New York City Police Department. Two factors demonstrate that the order was unavoidable in this case. First, the expertise is unavailable elsewhere. Even the FBI uses New York City auto crime officers on temporary assignment. The private sources have refused cooperation even if such experts were otherwise available from the National Auto Theft Bureau or General Motors. Second, a ranking officer of the Auto Crime Division of the New York City Police Department, apparently recognizing the monopoly of expertise enjoyed by his division, encouraged counsel to obtain the order with which he would gladly comply.
These factors place defendant in the position of a person at the mercy of the government that is prosecuting him. Whether or not he has funds to hire an expert, if the only source of expertise that may reasonably be necessary to his defense resides with the government, the government must give him access. This is the essence of fairness. Due process mandates no less.
The motion to vacate the order dated July 25, 1988 is denied.

. People ex rel. Kraushaar Bros. & Co. v Thorpe, 296 NY 223; Annotation, 77 ALR2d 1182 [1961]; Note, The Indigent’s Right to an Adequate Defense: Expert and Investigational Assistance in Criminal Proceedings, 55 Cornell L Rev 632, 641 (1970).

. The court is tempted to suggest that, with the information the District Attorney now has about the vans, the People might themselves arrange for an auto crime unit expert to inspect the nonpublic VINS and report the findings. This would then be furnished to defendant. (CPL 240.20 [1] [c].) No defendant, however, is required to rest solely on the thoroughness and promptitude of the prosecutor.