Opinion
DOSSEE, J.
Defendant was convicted in a jury trial of second degree robbery after he snatched a purse from a woman pedestrian on an Oakland street. In a trial by the court he was found to have two prior convictions. He was sentenced to prison for 13 years. On appeal, he makes two claims of error: (1) the trial court made improper comments to the jury and (2) the trial court improperly excluded an item of evidence.
*886 Facts*
Discussion
I. Trial Court’s Comments
At closing argument, the trial court twice interrupted defense counsel and remarked that defense counsel was not allowed to express his belief in his client’s innocence. At the outset, the court interjected as follows:
“Mr Pinkney [Defense Counsel]: Good morning, Ladies and Gentlemen, [¶] We’re going to start off first with a question. The question to you is: [f] In our system, what can an innocent man without an alibi do? [¶] I’m going to repeat that because that’s a very important question in this case.
“The Court: All right. Ladies and Gentlemen of the Jury, I don’t want you to assume by that statement by defense counsel that he’s taking the position or expressing a position that his client is innocent because his client is presumed to be innocent, [¶] All right? [¶] Go ahead.
“Mr Pinkney: It’s important to point out that the word T was not used in a statement. Again, the question to you is: In our system, what can an innocent man without an alibi do? [¶] He can do no more than to enter a plea of not guilty.” (Italics added.)
Later, after defense counsel had discussed the presumption of innocence, defense counsel stated: “Now in this case, Mr. Tyler has the jury defense. That is, he turns to the jury system. He turns to the jury and asks the jury to perform its role in the system. Because of the presumption of innocence and because Mr. Tyler, the accused, has no burden of proof, as you sit there right now, as you sit there and think about my comments and the comments of the district attorney, you are under an obligation to perceive him as no different than an innocent man without an alibi.”
The court then interrupted again:
“The Court: Wait a minute. Wait a minute . . . . You can’t say that. . . . [¶] Now, Ladies and Gentlemen of the Jury, it's improper for defense counsel *887 to express an opinion that his client is innocent. It’s improper. He is presumed to be innocent. I don’t want you to take that statement by defense counsel as an expression of his opinion that his client is innocent of these charges. If that’s the conclusion you’ve come to, disregard it because his client is presumed to be innocent. For him to take the position that his client is innocent no matter how he frames it is improper. [¶] All right? [¶] So bear that in mind, [¶] All right. Go ahead, Mr. Pinkney.
“Mr. Pinkney: I’ve tried, and this is the first time I believe the word T has come. I’ll try to be careful about how I articulate that position, and I’ll continue to try to be careful. If you hear me use the word T to suggest something about my personal feelings, you are to disregard it, as the Court just instructed you. And the same is true of the district attorney. So watch that. Sometimes we’re human. We use the word and we don’t mean to.
“Now, let’s go back to the significance in our legal system of the presumption of innocence and the fact that Mr. Tyler does not have the burden of proof, has no burden, [¶] What does that mean? What does it mean to say that you have to presume that the accused is innocent? [¶] I submit to you that it means nothing different than what I said a few minutes ago. [¶] Now, Mr. Tyler can do no more than through his plea tell you that he is not guilty, that he denies all the allegations.” (Italics added.)
Defendant argues that the trial court’s comments were improper and prejudicial in that they conveyed the message that defense counsel could not and did not believe defendant was innocent. Defendant seems to be relying on the rule that the prosecutor may not argue that defense counsel does not believe in his client’s defense. (See People v. Thompson (1988) 45 Cal.3d 86, 112 [246 Cal.Rptr. 245, 753 P.2d 37], cert. den. 488 U.S. 960 [102 L.Ed.2d 392, 109 S.Ct. 404]; People v. Purvis (1963) 60 Cal.2d 323, 343 [33 Cal.Rptr. 104, 384 P.2d 424] overruled on another point in People v. Morse (1964) 60 Cal.2d 631, 649 [36 Cal.Rptr. 201, 388 P.2d 33,12 A.L.R.3d 810]; see also People v. Tatum (1976) 54 A.D.2d 950 [388 N.Y.S.2d 329]; People v. Fluker (1976) 51 A.D.2d 1045 [381 N.Y.S.2d 330, 332]; and see Annot. (1979) 89 A.L.R.3d 263.) However, that rule has no application here. As we read the remarks, the trial court merely commented that defense counsel could not express his personal opinion about the case.
Defendant also asserts that the trial court erred in applying to defense counsel a rule that is applicable only to prosecutors. We cannot agree. It is well established that a prosecutor may not express a personal opinion as to the defendant’s guilt because of the danger that jurors will interpret the opinion as being based on facts at the prosecutor’s command which were not *888 adduced at trial. (People v. Bain (1971) 5 Cal.3d 839, 848 [97 Cal.Rptr. 684, 489 P.2d 564]; see also People v. Thompson, supra, 45 Cal.3d 86, 112.) Although we have been cited to no case applying that rule to prohibit defense counsel from expressing a personal opinion as to the defendant’s innocence, we find no reason why defense counsel are not equally barred from expressing their personal beliefs. Jurors are just as likely to interpret defense counsel’s remarks as being based on outside knowledge. As the Attorney General correctly notes, rule 5-200(E) of the Rules of Professional Conduct prohibits all attorneys from asserting personal knowledge of the facts at issue.[1]
In the present case, however, we agree that defense counsel’s remarks were not objectionable. They were in the nature of argument, urging the jury to find defendant innocent, rather than expressions of a personal belief. Nevertheless, we perceive no harm resulting from the trial court’s comments. The trial court explained that an expression of opinion is improper because the defendant is presumed innocent. Defense counsel, too, emphasized the presumption of innocence.
In any event, we conclude defendant waived any error by his failure to object. A challenge to allegedly improper remarks by a trial judge will not be considered on appeal when a timely objection and admonition could have avoided any prejudice. (People v. Ramos (1982) 30 Cal.3d. 553, 575-576 [180 Cal.Rptr. 266, 639 P.2d 908], revd. on another point 463 U.S. 992 [77 L.Ed.2d 1171, 103 S.Ct. 3446]; People v. Terry (1970) 2 Cal.3d 362, 398 [85 Cal.Rptr. 409, 466 P.2d 961] app. dism. 406 U.S. 912 [32 L.Ed.2d 112, 92 S.Ct. 1619]; People v. Boyette (1988) 201 Cal.App.3d 1527, 1538 [247 Cal.Rptr. 795]; People v. Ott (1978) 84 Cal.App.3d 118, 131-132 [148 Cal.Rptr. 479].) Here, it seems highly likely that upon objection the trial court might have reconsidered its remarks or at least admonished the jury that the court was not implying that the court had concluded defendant was guilty. Any error would have been cured. (People v. Cheary (1957) 48 Cal.2d 301, 318-319 [309 P.2d 431].)
II. Excluded Evidence*
*889 The judgment is affirmed.
Newsom, Acting P. J., and Stein, J., concurred.
A petition for a rehearing was denied October 10, 1991, and appellant’s petition for review by the Supreme Court was denied December 12, 1991. Mosk, J., And Arabian, J. were of the opinion that the petition should be granted.

See footnote, ante, page 1456.

Rule 5-200(E) of the Rules of Professional Conduct decrees that in presenting a matter at court, an attorney “[s]hall not assert personal knowledge of the facts at issue, except when testifying as a witness.”

See footnote, ante, page 1456.