OPINION OF THE COURT
Alfred H. Kleiman, J.
Indicted for second degree murder and assorted other offenses, defendant moved this court for an order permitting his expert to independently retest and inspect the ballistics evidence in this case including the subject firearm and any discharged bullets and casings. Defendant further moved this *161 court for an order permitting his expert to do the retesting and inspection at the Police Department’s Ballistics Unit and to use the Ballistics Unit’s comparison microscope. The Police Department had no objection to the first part of defendant’s motion, but opposed the defendant’s expert’s use of its facilities and comparison microscope. Accordingly, defendant’s motion for independent inspection and retesting of the ballistics evidence was granted and the rest of this opinion will deal with the use of the Ballistics Unit’s facilities for that inspection and retesting.
Defendant claimed that he cannot challenge the police laboratory analysis report without access to a ballistics comparison microscope. He also claimed that because of its cost, only the police ballistics squad has such a microscope. In support of his motion, defendant relied on People v Evans (141 Misc 2d 781 [Sup Ct, NY County 1988, Crane, J.]). In Evans, Justice Crane granted defendant’s application, in an arson case, directing the New York City Police Department Auto Crime Division to assign an experienced officer for the purpose of ascertaining whether the nonpublic vehicle identification number reveals any irregularities (People v Evans, 141 Misc 2d, supra, at 782). That court granted defendant’s motion in the name of "fairness” because the expertise was unavailable elsewhere and a ranking officer of the New York City Police Department Auto Crime Division "encouraged counsel to obtain the order with which he would gladly comply” (People v Evans, 141 Misc 2d, supra, at 784).
In the instant case, the expertise and necessary equipment including a comparison microscope are available elsewhere. First, defendant has retained a ballistics expert, a Mr. Robert J. Breglio, who has in excess of 20 years’ experience working as a ballistics expert for the Police Department. Second, as the Police Department points out, defendant’s retests could be done at All City Investigations and Forensic Services, Inc., which provides defense attorneys and others with the means to test firearms, including the use of a comparison microscope, for a fee. Additionally, the Nassau County and Westchester County Police Departments are equipped with comparison microscopes. Given the availability of these other sources, to grant this portion of defendant’s motion would have cast an intolerable burden on the Police Department, which could only expect similar requests for access by private experts to increase. Thus, the Police Department Ballistics Unit would not be able to complete its functions as expeditiously as *162 possible since it would have to share its facilities with private experts. This is a result neither fairness nor due process mandates. Therefore, this portion of defendant’s motion was necessarily denied.
However, this court notes that even if no other facility was available for retesting the firearm another solution exists which neither side suggested. Defendant could have moved this court to have the Police Department’s Ballistics Unit retest the gun and ammunition in the presence of defendant’s expert. This way the Police Department is not "ousted” from its facilities and defendant’s expert could determine the accuracy of the Department’s results.
Accordingly, defendant’s motion directing the Police Department to make available for independent retesting and inspection the ballistics evidence was granted and defendant’s motion to permit his ballistics expert to inspect and retest the firearm and ammunition at the Police Department’s Ballistics Unit and to use the Ballistics Unit’s comparison microscope was denied.