OPINION OF THE COURT
Richard Lee Price, J.
Defendant’s oral application for court inspection of the Grand Jury minutes is granted. Having carefully examined the minutes, this court finds that the evidence presented to the Grand Jury was sufficient to support the charges or any lesser included offense. In addition, this court finds that the charge on the law given to the Grand Jury was legally sufficient and not defective as a matter of law. Additionally, a proper quorum was present.
Therefore, defendant’s motion to dismiss or reduce the indictment is denied.
I am compelled at this time to point out a troubling point in the presentation of this case to the Grand Jury. Immediately prior to this defendant’s testimony before the Grand Jury, the presenting Assistant District Attorney stated: "At this time we will be hearing from Albert Mercado whose [sic] accompanied with his attorney 'C.M.’ of the Legal Aid Society.”
The presenting Assistant District Attorney’s seemingly inadvertent mention that the defendant is represented by the Legal Aid Society, had the potential to seriously prejudice the defendant before the Grand Jury. Indeed, the mention of the Legal Aid Society’s role in defendant’s representation was extraneous and entirely inadmissable. This mention may have been prejudicial to the defendant in that the Grand Jury’s knowledge that the defendant is indigent may lend support to their conclusion that the defendant committed robbery. Individual grand jurors could have reasonably inferred that a poor person is more likely to commit robbery than a person of means. Thus, a completely irrelevant piece of information could have a substantially prejudicial effect on the presentment of the defendant’s case before the Grand Jury. (See, People v Connor, 137 AD2d 546 [2d Dept 1988]; cf., People v Kane, 57 AD2d 575 [2d Dept 1977].)
Nevertheless, in the case at bar, the evidence was, in fact, legally sufficient upon which to base an indictment (CPL 190.65 [1] [a]), in that the People had sufficient evidence to *3 present a prima facie case (People v Avant, 33 NY2d 265 [1973].)*
The Assistant District Attorneys are on notice that this court diligently reviews the Grand Jury minutes for defects in the presentation and looks seriously upon anything that might unfairly prejudice the defendant.

 In a case where the evidence before the Grand Jury was not sufficient upon which to indict a defendant, the prejudicial effect of the People’s statement could have tipped the balance against the defendant and resulted in the Grand Jury handing down an unwarranted indictment.