Filed 11/16/15  Qin v. Xu CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| JACK QIN,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JENNY GY XU,<br><br>    Defendant and Appellant. | B258136<br><br>(Los Angeles County<br>Super. Ct. No. KC061503) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Donna Fields Goldstein, Judge.  Affirmed.

Jenny Xu, in pro. per., for Defendant and Appellant.

Ecoff Law and Lawrence C. Ecoff for Plaintiff and Respondent.

_____

Defendant and Appellant Jenny Xu appeals from the judgment entered against her after a jury trial. We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 20, 2011, Plaintiff/Respondent Jack Qin filed a complaint suing Jenny Xu for defamation. Qin filed a first amended complaint on November 4, 2011, adding a cause of action for intentional infliction of emotional distress. The matter came to trial before a jury on March 24, 2014 and the jury returned its verdict for Qin. The parties then tried the issue of punitive damages to the court, and the court entered judgment in the amount of $250,000, with a cost award of $15,620.56 on June 18, 2014. Xu moved for a new trial; the court heard and denied the motion on August 8, 2014. Xu timely appealed the judgment.

The complaint in this matter followed earlier proceedings in which Qin had sued Xu for defamation and abuse of process (LASC GC046007) and Xu had separately sought a restraining order for sexual harassment (LASC GS012743). Xu filed a motion to dismiss in GC046007 pursuant to Code of Civil Procedure section 425.16[1]; the court granted that motion and awarded Xu fees and costs as the prevailing party in the sum of $8,690.50.

On appeal, Xu now asserts that the current proceeding was also barred by section 425.16, and the litigation privilege (Civ. Code, § 47, sub. (b).); that Qin's evidence was improperly admitted; that Qin committed discovery abuse; that the action was per se malicious prosecution; that hearsay was improperly admitted at trial; that the judge violated the American Bar Association Rules of Professional Conduct; and that there was insufficient evidence to support the verdict. As explained below, the record on appeal does not support any of the claimed grounds for appeal, and we affirm.

---

**1** All further statutory references, unless otherwise noted, are to the Code of Civil Procedure.

## DISCUSSION

### The Failure to Provide A Record of the Trial Proceedings Precludes Review

On appeal, we presume that the judgment was correct; it is appellant's burden to demonstrate error by providing a record sufficient to do so. We begin with the presumption that the orders and judgment below are correct and "'all intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown.'" (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564; see also *Maria P. v.* Riles (1987) 43 Cal.3d 1281, 1295-1296 [failure to provide adequate record requires appellant's claims to be resolved against them]; *Stasz v. Eisenberg* (2010) 190 Cal.App.4th 1032, 1039 [court presumes judgment is correct based on appellant's failure to provide reporter's transcript and to include necessary documents in the record on appeal].) On appeal, Xu has provided only two limited portions of the record of the proceeding: a portion of the examination of Qin, and the hearing on the motion for new trial. The remainder of the testimony was not made part of the record before this court. Similarly, only small portions of the proceedings were included in the appellant's appendix provided in lieu of a clerk's transcript.

### Sufficiency of the Evidence

We cannot consider Xu's argument that the evidence was not sufficient to support the verdict. The failure to provide a full transcript of the trial proceedings precludes this court from evaluating the sufficiency of the evidence introduced at trial; Xu has failed to meet her affirmative duty to demonstrate the error she claims. (*Aguilar v. Avis Rent A Car System, Inc.* (1999) 21 Cal.4th 121, 132 [failure to present transcript leaves no basis to argue insufficiency of evidence]; *Parker v. Harbert* (2012) 212 Cal.App.4th 1172, 1178.)

3

**Evidentiary Rulings**

For the same reason, we cannot address Xu's assertions that evidence was improperly admitted. Trial court rulings on the admissibility of evidence, whether in limine or during trial, are generally reviewed for abuse of discretion. (*People v. Williams* (1997) 16 Cal.4th 153, 196-197 ["In determining the admissibility of evidence, the trial court has broad discretion…. On appeal, a trial court's decision to admit or not admit evidence, whether made in limine or following a hearing pursuant to Evidence Code section 402, is reviewed for abuse of discretion."]; accord, *People v. Alvarez* (1996) 14 Cal.4th 155, 203 ["appellate court reviews any ruling by a trial court as to the admissibility of evidence for abuse of discretion"]; *Zhou v. Unisource Worldwide, Inc.* (2007) 157 Cal.App.4th 1471, 1476. "The trial court's error in excluding evidence is grounds for reversing a judgment only if the party appealing demonstrates a 'miscarriage of justice'—that is, that a different result would have been probable if the error had not occurred." *Zhou,* at p. 1480, see Evid. Code, § 354; Code Civ. Proc., § 475. *Pannu v. Land Rover North America, Inc.* (2011) 191 Cal.App.4th 1298, 1317.)

In this case, Xu claims two evidentiary errors. As to the first, the admission of an American Express statement introduced in support of Qin's testimony that he was in Las Vegas at the time of the asserted sexual encounter in Los Angeles; the testimony in the record before us demonstrates that Qin testified without objection to the information contained in the credit card statement; Xu objected only to the statement itself. Accordingly, even if the statement should not have been admitted, there can be no prejudice, as the information contained in the statement would have been before the jury in any event. Moreover, we cannot evaluate the impact of the statement on the jury in the absence of the other evidence.[2] (*Nelson v. Anderson* (1999) 72 Cal.App.4th 111, 136

---

[2]     In an apparently related claim, Xu asserts sanctionable abuse of the discovery process with respect to the failure to produce the American Express statement to which she objected. The record contains no discovery motions, nor any indication that motions were filed at any time. Xu has provided no record establishing a basis for asserting this argument on appeal. Xu asserted at oral argument that this matter should be continued

4

[burden on appellant to provide sufficient record of proceedings in the trial court to demonstrate result would have been different in the absence of claimed error].)

The other evidentiary objection cited on appeal was the admission of hearsay testimony from witness Lily Fang. Xu provided no transcript of this portion of the proceedings; we cannot determine what the testimony was; whether objections were made; or the basis for any rulings by the court. On this record, for the reasons stated above, we presume the trial court's rulings were correct.

### Section 425.16 and The Litigation Privilege

Xu argues that the complaint should have been stricken, as was the complaint in the prior case, under section 425.16. If Xu filed such a motion in the trial court, there is no reference to the motion, or any ruling on it, in the record. "Appealed judgments and orders are presumed correct, and error must be affirmatively shown." (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Consequently, plaintiff has the burden of providing an adequate record. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295.) Failure to provide an adequate record on an issue requires that the issue be resolved against plaintiff. (*Id.* at pp. 1295-1296.) "Without respondent's motion to strike, plaintiff's opposition, and the court's order, we cannot review the basis of the court's decision. Plaintiff has failed to carry his burden on this ruling." (*Hernandez v. California Hospital Medical Center* (2002) 78 Cal.App.4th 498, 502, fn. omitted.)

If Xu is attempting to assert that this court should reverse the judgment on the basis of a de novo analysis under section 425.16, we find no basis for doing so. A section 425.16 motion must be filed in the trial court, within 60 days of service of the complaint or at a later time in the court's discretion. (Code of Civ. Proc., § 425.16, subd. (f).) Nothing in the language of the statute contemplates that, on appeal, appellant can assert for the first time that a judgment should be reversed because there would have been

_____

for the purpose of this court's review of the trial exhibit. For the reasons stated, our inability to evaluate the significance of this document makes such a continuance unnecessary.

grounds to grant a motion under 425.16, had one been properly made. Appellant cites no authority supporting that position in her briefing. We therefore treat the argument as waived by appellant's failure to cite any relevant legal authority. (See *Akins v. State of California* (1998) 61 Cal.App.4th 1, 50 [contention waived by failure to cite legal authority]; *Atchley v. City of Fresno* (1984) 151 Cal.App.3d 635, 647 [a point asserted by appellant without argument or authority need not be discussed by reviewing court].)

For the same reason, we treat as waived appellant's assertion that the entire action was barred by the litigation privilege (Civ. Code, §47, sub. (b).) Appellant has provided to us no record that demonstrates that she raised this issue in the trial court, or objected to the admission of any evidence on this basis. Appellant may not raise this issue for the first time on appeal. (See *People v. Valdez* (2012) 55 Cal.4th 82, 122; *In re Marriage of Zimmerman* (2010) 183 Cal.App.4th 900, 912 "[I]t is fundamental that a reviewing court will ordinarily not consider claims made for the first time on appeal which could have been but were not presented to the trial court." Thus, "we ignore arguments, authority and facts not presented and litigated in the trial court. Generally, issues raised for the first time on appeal which were not litigated in the trial court are [forfeited]. [Citations.]"'" [Citation.]' [Citation.]".)

### Malicious Prosecution

Xu appears to argue that the judgment should be reversed on appeal because the entire action was a form of malicious prosecution. She cites no authority supporting her claim that this issue can be raised as a ground for appeal by the party against who judgment has been entered; in fact, her argument is in direct conflict with one of the critical elements of the claim: that the action asserted to have been brought with malice was terminated in favor of the party asserting the claim for malicious prosecution. "[I]n order to establish a cause of action for malicious prosecution or either a criminal or civil proceeding, a plaintiff must demonstrate 'that the prior action (1) was commenced by or at the direction of the defendant and was pursued to a legal termination in his, plaintiff's favor, [citations]; (2) was brought without probable cause [citations]; and (3) was

6

initiated with malice. [citations].'" (*Casa Herrera, Inc. v. Beydoun* (2004) 32 Cal.4th 336, 341, 9 Cal.Rptr.3d 97, 83 P.3d 497 (*Casa Herrera*).)" (*Siebel v. Mittlesteadt* (2007) 41 Cal.4th 735, 740.)

### Rules of Professional Responsibility

Xu finally asserts that the comments by the trial court at trial, and at the motion for new trial, amounted to improper vouching for Qin's credibility, and that those actions violated the American Bar Association Model Rules of Professional Conduct and *People v. Tyler* (1991) 233 Cal.App.3d 1456 (*Tyler*). Her arguments do not support reversal.

First, the Model Rules have not been adopted in California. In any event, those rules govern the conduct of counsel, not the court.

Second*, Tyler* does not support Xu's claim of error. In *Tyler*, appellant challenged a comment by the trial court to the jury that it was improper for counsel to express an opinion about the innocence of the defendant. On appeal, the court concluded that the remarks by the court were neither improper nor prejudicial and that the objection had, in any event, been waived by the failure to object when the statements were made. (*Tyler, supra,* 233 Cal.App.3d at 1460.) Here, too, no objection was made to the court's statements, only one of which was made when the jury was present. Such an objection would have allowed the court to advise the jury that the remarks were not intended to convey a conclusion by the court as to credibility.[3] The failure to object, however, as set forth above, waives the claim of error.

---

[3] The second comment by the trial court was made during the hearing on the motion for new trial. Appellant identified no other claims of error related to the new trial determination until the reply brief. Assertions of error made for the first time in a reply brief are waived. (*Los Angeles Memorial Coliseum v. Insomniac, Inc.* (2015) 233 Cal.App.4th 803, 822.

**DISPOSITION**

The judgment is affirmed.  Respondent is to recover his costs on appeal.


ZELON, J.


We concur:


PERLUSS, P. J.


SEGAL, J.