THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* FRANKLYN MAUGE, Appellant.

Second Department, December 23, 1963.

*Anthony F. Marra* (*Thomas A. Woodward* and *Grenville Garside* of counsel), for appellant.

*Edward S. Silver, District Attorney* (*William I. Siegel* of counsel), for respondent.

*Per Curiam.* While defendant has appealed from the whole judgment, in his brief he now challenges only his conviction for attempted possession of burglar's instruments " as a felony ". He raises no issue as to his conviction for attempted burglary in the third degree which stemmed from the first count in the indictment, dated June 2, 1961 (and lodged against him and a codefendant), which had accused them of burglary in the third degree.

In its third count, the indictment further charged this defendant with possession of burglar's instruments " as a felony " by reason of his prior conviction of the crime of possession of a dangerous weapon as a felony. The second count of the indictment, dealing with the codefendant, is not presently before us for review.

The sole question presented is whether there was a fatal variance between the allegations contained in the third count of the indictment and the People's proof with respect thereto. The record indicates that the People adequately proved the substantive elements of the crime of attempted possession of burglar's instruments; and defendant presently concedes that such proof was adequate to sustain a conviction for that crime as a misdemeanor. His argument is that the proof was insufficient, however, to establish the commission of such crime as a felony.

Defendant's contention is based upon the following circumstances: (a) that he submitted himself to a trial of the issues before the court without a jury; (b) that the Assistant District Attorney, in his opening statement, declared that he would prove that defendant had been previously convicted of a crime; (c) that the entire case was concluded without the offer of such proof; (d) that the Trial Judge thereupon found defendant guilty of attempted possession of the burglar's instruments " as a felony "; and that (e) proof of defendant's prior conviction was first offered and received approximately two months later when defendant appeared for sentence and admitted such conviction.

In connection with defendant's position, it will be noted that the statute dealing with burglar's instruments provides that the first conviction for possession of any " tool   *   *   *   nippers or implements adapted   *   *   *   for the commission of burglary " constitutes a misdemeanor, but that if the defendant on trial " has been previously convicted of any crime, he is guilty of a felony " (Penal Law, § 408).

In opposition, the People contend: (a) that defendant's guilt was established beyond a reasonable doubt; (b) that no prejudicial error was committed with respect to the portion of the judgment of conviction now under attack; and (c) that this court may give judgment without regard to technical errors or defects which do not affect the substantial rights of the parties (Code Crim. Pro., § 542). Hence, in effect, the People contend: (a) that it was not a matter of substantive prejudice to defendant that the court, conducting a nonjury trial, deferred inquiry as to defendant's previous conviction of a crime until the time of sentence; and (b) that the defendant's admission of his prior conviction during the course of the proceeding on sentence is an indication that, if, during the trial, the court had asked a question about his previous conviction defendant would have made the same admission.

In our opinion, there was a fatal variance between the allegations of the third count in the indictment and the proof offered in support thereof during the course of the trial, since the failure affirmatively to prove defendant's prior conviction was to omit one of the indispensable ingredients of the crime of possession of burglar's instruments " as a felony " (2 Wharton's Criminal Evidence [11th ed.], § 1028, pp. 1800–1802). Courts are not at liberty to characterize, as unsubstantial technicalities, omissions of proof which touch upon the substantive nature of a crime (*People* v. *Noblett,* 244 N. Y. 355, 359).

The People were obliged to prove the allegation in the indictment that the defendant had previously been convicted of a

crime. This burden is cast on the People because it is incumbent upon them to establish that the defendant's possession of the burglar's instruments was a felony — the crime charged in the indictment, and not a misdemeanor (Penal Law, § 408). The statute in force at the time of defendant's indictment (Code Crim. Pro., § 275-b, as amd. by L. 1957, ch. 540, and L. 1959, ch. 221), though generally barring reference to defendant's previous conviction, permitted the allegation of the prior conviction where it was an element of the crime charged. In consonance with this statute, such previous conviction was, therefore, alleged in the indictment at bar so as to accuse defendant of a felony. It has been held that this statute required the People not only to allege such prior conviction but also to prove it before the trier of the fact, since it affected the degree and substantive nature of the crime charged (*People* v. *Johnson,* 8 N Y 2d 183).

It was too late for the People to offer proof of defendant's prior conviction on the day of sentence, some two months subsequent to the nonjury trial, at the conclusion of which the Judge presiding had already found defendant guilty of possession of burglar's instruments " as a felony." As of the date of trial, which was September 26, 1961, section 275-b of the Code of Criminal Procedure (as amd. by L. 1961, ch. 687) was in force and effect (*People* v. *Konono,* 9 N Y 2d 924; *People* v. *Blume,* 12 N Y 2d 705) ; and, by virtue of the provisions of its first and fourth subdivisions, the prosecution was obliged to establish the prior conviction " before the close of the people's case." Under the circumstances, the prosecution's omission cannot be deemed a mere technical error or defect which may be overlooked (Code Crim. Pro., § 542).

Accordingly, the judgment should be modified on the law by striking out the provision convicting defendant of attempted possession of burglar's instruments as a felony, and by striking out the provision imposing sentence therefor; and a new trial should be ordered on the third count of the indictment which charged the commission of such crime " as a felony." As so modified, the judgment should be affirmed.

The findings of fact implicit in the decision and judgment of the court below are affirmed.

BELDOCK, P. J., KLEINFELD, CHRIST, BRENNAN and RABIN, JJ., concur.

Judgment modified on the law by striking out the provision convicting defendant of attempted possession of burglar's instruments as a felony, and by striking out the provision impos-

ing sentence therefor; and new trial ordered on the third count of the indictment which charged the commission of such crime as a felony. As so modified, the judgment is affirmed. The findings of fact implicit in the decision and judgment of the court below are affirmed.