Memorandum. In a nonjury trial after both defendant and the People had rested, the trial court reserved decision on defendant’s motion to reopen for the introduction of the testimony of an additional expert witness in support of the defense of insanity. Following several adjournments the trial court denied defendant’s motion on the ground that the new witness was not qualified to give relevant expert testimony.
 

 The determinations as to whether to reopen the case for further testimony and as to the qualifications of the witness to testify as an expert, closely related in the circumstances of this case, each rested in the reasonable discretion of the Trial Judge. On the record before us, we cannot conclude that the trial court excluded the testimony as a matter of law rather than in the exercise of discretion. In view of the very general tender of the qualifications of the witness and the. restricted proffer of the testimony he might be expected to give, we do conclude that the Trial Judge did not abuse his discretion or commit any other error of law.
 

 We have examined defendant’s other contentions and find them to 'be without merit.
 

 The order of the Appellate Division should be affirmed.
 

 Chief Judge Breitel and Judges Gajbrielli, Jones, Wachtlbr, Babin, Stevens and Wither
 
 *
 
 concur.
 

 Order affirmed in a memorandum.
 

 *
 

 Designated pursuant to section 2 of article VI of the State Constitution.