■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRY AYERS, Appellant.—Appeal from a judgment of the County Court of Chemung County, rendered September 19, 1975, upon a verdict convicting defendant of two counts of the crime of criminal sale of a controlled substance in the third degree, in violation of section 220.16 of the Penal Law. Defendant's first contention is that the court erred in denying his motion for a trial order of dismissal following the close of the People's case. During the course of defendant's trial it developed that the substance which he had been charged with selling was dihydromorphinone. The People's expert, Murphy, testified that this substance could be derived from opium or could be synthesized from something else, but defendant asserted that this substance was not listed under section 3306 (schedule I, subds. [a], [b]) of the Public Health Law and therefore was not designated under that law or the Penal Law as a controlled substance. The People's expert had based his conclusion that this substance was an opium derivative upon his erroneous belief that it was so defined by statute, but he did not reach such a conclusion based upon chemical analysis. Schedule II (subd [a], par [b]) includes in the definition of controlled substances any "derivative * * * which is chemically equivalent or identical with any [opium derivative]." It was therefore necessary to the establishment of a prima facie case to prove by independent testimony that dihydromorphinone is in fact an opium derivative. Subsequent to defendant's motion for a trial order of dismissal upon which the court reserved decision, the People moved to reopen their case to present expert testimony that dihydromorphinone is an opium derivative. It is the granting of this motion which defendant contends was erroneous. CPL 260.30 (subd 7) authorizes the court, in the interest of justice, to "permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party's original case." In our view, the procedure adopted by the trial court, particularly in view of the fact that defendant had not yet presented any evidence, and the court having indicated it would entertain a motion for continuance, was not an abuse of discretion. The inability of the People's first expert to testify on the basis of independent chemical analysis was not the result of any failure on the part of the People. In *People v Coles* (47 AD2d 905) the conviction was reversed because the prosecution was permitted to offer the testimony of two eyewitnesses whose identities were known prior to the trial and is therefore factually and legally distinguishable. There is no showing that defendant was prejudiced in the presentation of his case by the procedure which was followed. Defendant also contends that the verdict is contrary to the weight of the evidence, and that the court abused its discretion in denying defendant youthful offender treatment. On the basis of the testimony in the record, as well as the presentence report available to the sentencing court, we find both of these contentions to be

without merit. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Larkin and Herlihy, JJ., concur.