OPINION OF THE COURT
Bernard J. Fried, J.
At issue in this motion to suppress physical evidence are the procedures followed at the suppression hearing, as well as whether the evidence adduced established probable cause to arrest defendant Brown. For the reasons set forth, I hold that the procedures were proper and find there to have been probable cause to sustain the arrest.
On October 20, 1982, defendant was arrested and charged with the criminal possession of a controlled substance in the seventh degree (Penal Law, § 220.03). Thereafter, she moved for an order suppressing the evidence. A pretrial suppression hearing was held before me on March 3, 1983, at which Police Officer McKabe testified.
Essentially, Officer McKabe, whom I find to have been a credible witness, testified that he was on duty on October *100 20 as a backup member of a special narcotics enforcement unit. He received a radio communication from his partner, Police Officer Frederick Wedin, located in a nearby observation post, which contained a description of a female who had been observed selling POP and who was in possession of POP. McKabe, who was advised that the female was at a nearby location, went and placed her under arrest. Thereafter the challenged evidence was seized from the defendant’s person.
At the conclusion of McKabe’s testimony, when I asked if there were any further People’s witnesses, the Assistant District Attorney responded “No, your Honor. Officer Wedin is in Supreme Court right now and he wasn’t able to come down on this case.” When asked if he was resting, the Assistant District Attorney stated, “Unless I can get an adjournment, I would.” Then after requesting an adjournment “To get any other witness down,” and before I could grant the requested adjournment — which, under the circumstances, would have been the only correct decision — the prosecutor stated that “the People rest.”
Having rested, in what appears to have been the mistaken belief that either I had denied the requested adjournment, or that it would not be granted because of the “final marking,”* argument was then held. During this argument, until I framed the issue of the sender’s reliability (People v Havelka, 45 NY2d 636; People v Lypka, 36 NY2d 210), it became obvious that there was no explicit or obvious challenge on this ground, although there had been a question on cross-examination of Police Officer McKabe as to whether he had personally observed the alleged sale. Moreover, since there were no motion papers filed before the hearing, the hearing was granted on consent; the issue was not earlier raised. It was only after the issue was framed that defendant specifically challenged the reliability of the sender’s information and was given an opportunity to request that Police Officer Wedin be called as a witness. I then granted the assistant an adjournment to produce Wedin, who had now become an essential witness.
*101 The hearing was then continued to March 9,1983, when Police Officer Wedin testified. His testimony, which I find to be credible, was that on October 20,1982, he was on duty at an observation post located in a public school in the vicinity of 112th Street, between Lenox and Fifth Avenues, which was in a narcotics prone area, especially “angel dust” (PCP). Indeed, as Wedin testified, he had been associated with hundreds of PCP arrests and had personally made about 100 such arrests in that area. Utilizing binoculars, Wedin observed the defendant remove from her waistband a plastic bag containing a manila envelope. She gave this envelope to another person, not apprehended, who raised it to his nose and sniffed the bag. According to Wedin, an experienced narcotics police officer, the regular procedure in PCP sales is for the seller to allow the buyer to test the substance offered for sale by allowing him to smell the material. After this “sniffing,” one individual was observed by Wedin handing United States currency to the defendant. At this point, Wedin radioed his backup team to arrest the defendant.
Certainly, on the facts adduced at the hearing there is no question that probable cause existed to seize the defendant. Police Officer Wedin, experienced in PCP-related arrests, observed the defendant, in an area rampant with narcotics activity, especially PCP, remove a plastic bag from her waistband, take out a manila envelope and hand it to another person who then sniffed the envelope, a normal procedure in. a PCP transaction. There was then an exchange of money. Viewed as a whole, Police Officer Wedin had a sufficient level of information from which to conclude that he had observed the sale of PCP — a controlled substance — and on which to justify the arrest of the defendant. (See, e.g., People v McRay, 51 NY2d 594.) Indeed, defendant, in his posthearing memorandum of law, does not contend otherwise.
The only issue, then, is the correctness of adjourning the hearing to permit Police Officer Wedin to be called as a witness. In this connection, defendant also contends that by asking whether defense counsel wanted Wedin called as a witness, the burden of proof was somehow impermissibly shifted.
*102 It is inconceivable that, under the circumstances here, it could be error to have adjourned the hearing for Police Officer Wedin to testify. While the People had indeed rested, it is clear that they had done so in the erroneous belief that either the requested adjournment had been or would have been denied, when, in fact, there had been no such ruling. Moreover, it was only during the argument that it became clear, after inquiry from the Bench, that the defendant was actually challenging the reliability of the information Police Officer McKabe had acted upon. Or, to put it another way, that the defendant was challenging the personal observations of Police Officer Wedin and whether they justified the arrest. Absent such a challenge, the People are entitled to rely on the presumption that the sender himself possessed sufficient probable cause to act. (See People v Jenkins, 47 NY2d 722; People v Cook, 89 AD2d 986; see, also, People v Dodt, 92 AD2d 1063.)
Having now clearly interjected the challenge into the case, the People were simply permitted to, in effect, reopen the hearing. (Cf. CPL 260.30, subd 7; see, generally, Feldsberg v Nitschke, 49 NY2d 636, 643.) If the People, during a trial may, in the interest of justice, be permitted to reopen their case and introduce evidence more properly a part of the case-in-chief (e.g., People v Ayers, 55 AD2d 783), unless they have improperly sought to obtain a tactical advantage (People v Richardson, 25 AD2d 221), then surely they should be permitted to do so during a pretrial suppression hearing, although such permission should be sparingly granted.
Thus, it is no answer to say that the People had already rested. Here, no decision had yet been rendered and, under the circumstances, it was not an abuse of discretion to permit Wedin to be called as a further People’s witness. And, since he was called as a People’s witness, this is the complete answer to the claim that by requiring defendant to demand that he be called by the People, the burden of proof was shifted. It was not. Once the challenge was clear, the prosecution was “called upon” (People v Jenkins, 47 NY2d 722, 724, supra) “to show that probable cause existed” (People v Malinsky, 15 NY2d 86, 91, n 2).
*103 Finally, the rule set forth in People v Havelka (45 NY2d 636, supra) is simply inapplicable here. Havelka concerned an appellate remand for rehearing after the appeals court determined that the evidence received at the pretrial suppression hearing was insufficient. The Court of Appeals criticized that procedure and held that it was improper to give the People a second chance where they had had a full opportunity to be heard. The vice of such procedure, according to Havelka, was the danger of tailoring evidence to fit the appellate court’s “established requirements”, as well as the “specter of renewed proceedings.” (Supra, at p 643.) In short, Havelka prohibits the People from trying “ ‘again when the defect is discovered on appeal’ ” (People v Corales, 86 AD2d 551, 555 [dissenting opn, Carro, J.]), not when, as here, there was no defect discovered, when there was no decision, and when the hearing — albeit the argument stage — was still ongoing. (Cf. People v Sanders, 79 AD2d 688.)
Accordingly, for the foregoing reasons, defendant’s motion to suppress the physical evidence seized from her person is, in all respects, denied.

 A marking has recently been held to be without the authority of a Criminal Court Judge (People v Douglass, 60 NY2d 194).