■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent v TIMOTHY EDWARDS, Also Known as LESTER DAVISON, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Douglass, J.), rendered March 28, 1985, convicting him of attempted robbery in the first degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by

vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing.

Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (CPL 470.15 [5]). Both the complainant and an eyewitness testified that the defendant attempted to take the complainant's wallet while threatening to use a knife. Although the defendant contends that these witnesses should not have been believed by the jury, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witnesses *(People v Gaimari,* 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86, 88). We find no basis to disturb the jury's determination.

The trial court properly permitted the People to reopen their case, prior to the opening of the defendant's case, to arraign the defendant upon a special information as required by CPL 200.60 *(see,* CPL 260.30; *People v Olsen,* 34 NY2d 349, 353; *People v Ayers,* 55 AD2d 783; *cf., People v Mauge,* 20 AD2d 154, 156-157).

We find no error in the trial court's *Sandoval* ruling. The fact that the defendant may specialize in one type of criminal activity should not shield him from impeachment with prior convictions *(see, People v Rahman,* 62 AD2d 968, *affd* 46 NY2d 882; *People v Cherry,* 106 AD2d 458). We also find no error in permitting the prosecution to cross-examine the defendant regarding his use of the same defense at two prior trials, since the trials resulted in the convictions for petit larceny, criminal possession of stolen property, and criminal possession of a weapon into which the prosecution was permitted to inquire under the *Sandoval* ruling at bar.

Where a defendant is indicted on several counts of an indictment, sentence must be pronounced on each count upon which he was convicted. Since the court omitted the sentence for criminal possession of a weapon in the third degree, the defendant must be resentenced *(see, People v Mohammed,* 126 AD2d 673, *lv denied* 69 NY2d 953).

We have examined the remaining contentions advanced by the defendant on appeal and find them to be without merit. Lawrence, J. P., Rubin, Eiber and Balletta, JJ., concur.