■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SMITH, Also Known as RONALD OWENS, Appellant.— Judgment, Supreme Court, New York County (Robert M. Haft, J.) rendered December 5, 1988 by which defendant was convicted, after a jury trial, of criminal possession of a weapon in the third degree, and sentenced as a predicate felon to a term of 3½ to 7 years imprisonment, unanimously affirmed.

The court's denial of the defense counsel's application for a further adjournment to secure the testimony of a witness who had failed to arrive as scheduled, and with respect to whom an hour's adjournment had already been granted that day, after the defense rested, did not constitute an abuse of discretion. Nor was the trial court's refusal to reopen the case after summations to hear testimony by the witness an abuse of discretion.

The determination of whether or not to grant an adjournment or reopen the trial is a matter within the sound discretion of the trial court. *(People v Foy,* 32 NY2d 473, 476; *People v Olsen,* 34 NY2d 349, 353.) The court allowed the defense ample time to obtain the witness' presence in court, and there was justification for the court to conclude that the witness' testimony would be merely cumulative.

There is no basis upon which to conclude that the prosecutor's statement during his opening that he would produce witnesses who saw defendant possess and fire a gun was made in bad faith. The fact that the witnesses, who were defendant's friends, did not give the testimony that the prosecutor expected them to give is not surprising under the circumstances. There was no showing of prejudice to the defendant *(People v De Tore,* 34 NY2d 199, *cert denied sub nom. Wedra v New York,* 419 US 1025).

Defense counsel's objections to the various leading questions asked by the prosecutor on direct examination were sustained, and defense counsel did not request curative instructions or move for a mistrial on the basis of the questions. Thus, the issues raised with respect thereto were not preserved for appellate review (CPL 470.05 [2]; *People v Medina,* 53 NY2d 951, 953). Were we to review in the interest of justice, we would find that in view of the obvious bias of the witnesses toward the defendant, the asking of such questions and the allowance of some of them would not warrant reversal *(see, People v Marshall,* 144 AD2d 1005, *lv denied* 73 NY2d 893).

The defendant's objections to the prosecutor's summation on appeal also were largely unpreserved. In any event, the prosecutor's comments regarding the witnesses' demeanor, interest and attitude in testifying were not improper given the witnesses' testimony.

Since there was no objection by defense counsel during the initial charge of supplemental instructions the claims made with respect thereto have not been preserved for appellate review. (CPL 470.05 [2]; *People v Creech,* 60 NY2d 895 [1983].) In any event, review of the supplemental instructions in view of the jury's question shows that the response was meaningful and did not prejudice the defendant. *(People v Malloy,* 55 NY2d 296, 301, *cert denied* 459 US 847.) Concur—Sullivan, J. P., Milonas, Wallach, Ross and Kassal, JJ.