■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. HINKLEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 14, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

On this appeal from the conviction arising out of his sale of cocaine to an informant, defendant contends that County Court erred in permitting the People to reopen their case following the summations in order to allow the informant to testify. Despite diligent efforts, the People were unable to locate the informant. At the close of the People's case, the court stated that it would permit the People to reopen their case if the informant was located by 9:00 the following morning, and the court directed the attorneys to proceed with their summations. The informant appeared the next morning and he was permitted to testify, after which the attorneys again presented summations.

The statutory order of trial (CPL 260.30) is not a rigid framework; the trial court retains its common-law discretionary power to alter the order of proof "at least up to the time the case is submitted to the jury" *(People v Olsen,* 34 NY2d 349, 353). We see no abuse of that discretion here. The informant's testimony was clearly relevant if not crucial to the People's case, and there is nothing to suggest that the People were seeking to gain an improper tactical advantage *(see, People v Murray,* 165 AD2d 690, *lv denied* 77 NY2d 880).

Next, defendant contends that County Court erred in permitting one of the People's witnesses to "buttress the character" of the informant. In the absence of a timely objection by defendant, we are of the view that the error, if any, is not reviewable *(see, People v Major,* 142 AD2d 603). In any event, defense counsel initiated the line of questioning concerning the witness's assessment of the informant's reliability.

We also reject defendant's final contention that his prison sentence of 5 to 15 years is harsh and excessive. The harshest sentence for the class B felony committed by defendant is 8⅓ to 25 years (Penal Law § 70.00 [2] [B]; [3] [B]). Although defendant's sentence was made consecutive with his sentence on a second drug conviction *(see, People v Hinkley,* 178 AD2d 821 [decided herewith]), we see neither a clear abuse of discretion nor extraordinary circumstances and, therefore, we will not disturb the sentence *(see, People v Jones,* 85 AD2d 50, 55).

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.