■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BRUCE W. HINKLEY, Appellant.—Casey, J. Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered January 14, 1991, upon a verdict convicting defendant of the crime of criminal sale of a controlled substance in the third degree.

At trial of an indictment charging defendant with criminal sale of a controlled substance in the third degree and criminal

possession of a controlled substance in the third degree, police officers testified as to the facts and circumstances of a "buy and bust" operation in which Janice Post was a willing participant who took money provided by the police to defendant's home and returned with cocaine. Post, however, testified that the police had coerced her into cooperating and that she bought the cocaine elsewhere. Pursuant to CPL 60.35, the People were allowed to introduce the sworn, written statement given to police by Post immediately after her return from defendant's home with the cocaine.

Once Post, who was called as a witness by the People, gave testimony which affirmatively damaged their case, the People were entitled to introduce evidence that Post had made a sworn statement which was contrary to her trial testimony (see, CPL 60.35 [1]; People v Fitzpatrick, 40 NY2d 44). Defendant concedes as much, but claims that County Court erred in allowing introduction of the entire statement given by Post to the police because it contains statements about other drug sales by defendant which are not inconsistent with any of Post's trial testimony. In the absence of a specific objection at trial on this ground, the issue has not been preserved for appellate review and we find insufficient prejudice to warrant reversal in the interest of justice, although the effect was to permit evidence of uncharged crimes (see, People v Cooper, 147 AD2d 926, lv denied 74 NY2d 738). We note that upon receiving the evidence and again in its charge to the jury, County Court explained that the evidence was received only for the purpose of impeaching the credibility of Post and could not be used as evidence-in-chief. It is also significant that the prosecutor properly refrained from including in his summation any reference to the statements concerning other drug sales.

Next, defendant contends that County Court erred in its instructions to the jury regarding the purpose of the receipt into evidence of Post's sworn, written statement, but we find no reversible error. Although the instructions were brief, they clearly conveyed to the jury the limited purpose of the evidence, as required by CPL 60.35 (2), and did not give the impression that the statement could be used as probative evidence of defendant's guilt (cf., People v Freeman, 9 NY2d 600). We also reject defendant's claim of insufficiency in the court's charge regarding circumstantial evidence, to which no exception was taken.

We find no merit in defendant's claim that reversal is required because of certain hearsay evidence received at trial.

Most of the evidence was received without objection and there is nothing in the record to suggest that defendant was deprived of a fair trial. Defendant's final contention, that the prison sentence of 5 to 15 years is harsh and excessive, is rejected *(see, People v Hinkley,* 178 AD2d 800 [decided herewith]).

Mahoney, P. J., Weiss, Levine and Harvey, JJ., concur. Ordered that the judgment is affirmed.