■ The People of the State of New York, Respondent, v John Moore, Appellant. [599 NYS2d 117] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Hanophy, J.), rendered February 14, 1990, convicting him of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, without a hearing, of that branch of the defendant's omnibus motion which was to suppress certain physical evidence seized from his person. By decision and order of this Court dated October 5, 1992, the matter was remitted to the Supreme Court, Queens County, for a hearing on that branch of the defendant's omnibus motion which was to suppress physical evidence, and the appeal was held in abeyance pending the hearing *(People v Moore,* 186 AD2d 591). The Supreme Court held a hearing on February 11, 1993, and has filed a report that suppression is unwarranted.

Ordered that the judgment is modified, on the law, by

vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing.

The defendant was not denied a fair trial by the prosecutor's warning to a defense witness, who was facing unrelated charges, that the District Attorney's office would withdraw its plea offer if the witness failed to testify truthfully at the defendant's trial. The prosecutor and trial court have an obligation to warn witnesses of their possible liability for false testimony. Moreover, the prosecutor's warning was not emphasized to the point that it was transformed into an "instrument of intimidation" *(see, People v Shapiro,* 50 NY2d 747, 762).

The defendant's sentence, however, must be vacated and the matter remitted to the Supreme Court for resentencing, since the Supreme Court failed to sentence the defendant on two of the three counts for which he was convicted *(see, People v Edwards,* 148 AD2d 746).

The defendant does not challenge the hearing court's report with respect to the suppression ruling.

The defendant's remaining contentions are unpreserved for appellate review *(see,* CPL 470.05 [2]). Bracken, J. P., Rosenblatt, Ritter and Pizzuto, JJ., concur.