■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL WALKER, Appellant. [626 NYS2d 966] —Appeal by the defendant from a judgment of the County Court, Nassau County (Thorp, J.), rendered November 15, 1990, convicting him of criminal possession of a controlled substance in the third degree (two counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The jury determined that the defendant was in possession of cocaine at the scene of the "buy and bust" operation *(see, People v Sierra,* 45 NY2d 56; *People v Marks,* 179 AD2d 836; *People v Randolph,* 157 AD2d 866). Resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury which saw and heard the witnesses *(see, People v Gaimari,* 176 NY 84). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record *(see, People v Garafolo,* 44 AD2d 86). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence *(see,* CPL 470.15 [5]).

In addition, the court did not improvidently exercise its discretion by permitting the People to reopen their case for the limited purpose of admitting an exhibit which had been marked for identification and offered but not received in evidence *(see,* CPL 260.30; *People v Olsen,* 34 NY2d 349; *People v Durden,* 204 AD2d 480; *People v Hinkley,* 178 AD2d 800; *People v Richiez,* 173 AD2d 234; *People v Ayers,* 55 AD2d 783).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Balletta, Copertino and Hart, JJ., concur.