■ In the Matter of MARIO F., a Person Alleged to be a Juvenile Delinquent, Appellant. [629 NYS2d 229] —Order of disposition, Family Court, Bronx County (Stewart Weinstein, J.), entered September 9, 1994, which adjudicated appellant a juvenile delinquent and placed him with the Division for Youth for a period of three years, following a fact-finding determination that appellant had committed acts that, if committed by an adult, would constitute the crimes of criminal possession of a weapon in the second and third degrees and theft of services, unanimously reversed, on the law, without costs, and the matter is remanded for a new hearing before a different Judge.

In this Family Court juvenile delinquency proceeding, the court permitted the Presentment Agency to introduce corrected police testimony on rebuttal that contradicted the information furnished to the defense in pretrial disclosure as well as the direct testimony of the police officer. This effectively denied appellant a fair trial.

According to the initial police testimony, a team of three police officers hidden behind a door with a peephole by the turnstiles at the Soundview Avenue elevated subway platform in the Bronx observed appellant and two others pull back a turnstile and enter without paying. The officers issued summonses to two of the group. Appellant had moved away from the group. Officer Lebowitz at first testified that appellant had walked to the *North* end of the platform where he approached appellant and twice requested that appellant take his hands out of his pockets. Officer Lebowitz testified that appellant then took a pink-handled revolver out of his pocket and threw it onto the tracks where it fell through onto the concrete roof of the bus station below. Officer Lebowitz testified that he watched the gun fall through the tracks and, after handcuffing

appellant, went down and retrieved it from the roof of a bus shelter.

The defense presented the testimony of an investigator who visited the scene and testified that appellant could not have been standing where Officer Lebowitz had testified that he stood for the officer to observe the gun falling by looking over the tracks or for the gun to fall on the roof of the bus stop where Officer Lebowitz stated that he recovered it.

After the defense had rested, the court permitted Officer Lebowitz to correct his testimony to the effect that appellant had been standing on the *South* end of the platform and not as far down as he had previously testified.

We hold that appellant is entitled to a new trial because of the highly prejudicial effect of the revised police testimony. Based upon the materials disclosed to the defense prior to trial, appellant presented a defense that he could not have dropped the gun onto the bus stop from where the officer said he was standing. Even without a jury, the effect of this rebuttal is highly prejudicial.

Accordingly, appellant is entitled to a new trial (*see, People v Covington*, 86 AD2d 877). Concur—Murphy, P. J., Rosenberger, Rubin, Ross and Tom, JJ.