OPINION OF THE COURT
Alma Cordova, J.
The issues are (1) whether failure to attach certified copies of prior delinquency findings renders the petition jurisdictionally defective pursuant to Family Court Act § 311.1 (5); (2) whether permitting Presentment Agency to reopen its direct case to submit the certified copies of prior delinquency findings denies respondent a fair trial.
After review of the pertinent statutes and case law, the court denies respondent’s motion to dismiss and grants Presentment Agency’s motion to reopen.
On May 5, 1998, Presentment Agency filed this designated felony act petition charging respondent with criminal sale of a controlled substance in the third and fifth degrees (Penal Law §§ 220.3.9, 220.31), inter alia. The fact-finding commenced on March 19, 1998. After the testimony of the undercover police officer and the stipulation by respondent as to the chemist’s testimony, Presentment Agency rested. Respondent’s prima facie motion was denied and he rested without presenting any evidence. At this point, Presentment Agency requested that the court take judicial notice of respondent’s two prior findings in order to satisfy the designated felony status of the petition. Respondent objected stating that the petition was jurisdiction-ally defective since the certified copies of the prior findings were not attached to the petition. Respondent added that once Presentment Agency had rested he could not amend the petition in order to provide further information to prove the underlying facts.
Presentment Agency argued that Family Court Act § 311.1 (5) does not require that the two prior findings be attached to the petition; that for the court to make a designated felony finding, it only needs to take judicial notice of the two prior felony findings listed in paragraph 4 of the petition. Presentment Agency asked to reopen its direct case in order to introduce into evidence the two certified copies of the prior findings. The matter was adjourned for review of the issues.
As to the first issue, the court finds that failure to attach certified copies of prior delinquency findings does not render the petition jurisdictionally defective.
*92 Family Court Act § 311.1 (5) reads in pertinent part: “If the petition alleges that the respondent committed a designated felony act, it shall so state, and the term ‘designated felony act petition’ shall be prominently marked thereon. Certified copies of prior delinquency findings shall constitute sufficient proof of such findings for the purpose of filing a designated felony petition.”
The petition herein was boldly captioned “designated felony act petition” and marked designated felony act in at least 10 places. However, it did not have attached the certified copies of the prior delinquency findings it was relying upon to convert the ordinary felony act into a designated felony act. The appellate courts faced with similar issues did not find this in and of itself to be a fatal flaw. In Matter of Robert S. (240 AD2d 314, 315 [1st Dept 1997]) the Court held that while “[t]he attachment of certified copies of prior delinquency findings is the preferred method * * * [it is] not the exclusive method providing sufficient proof of the prior felony acts. It was sufficient under the circumstances to list the prior felony determinations in great detail, including their docket numbers, in the body of a verified petition that was clearly labeled a designated felony act petition”. Also in Matter of Warren W. (216 AD2d 225, 226 [1st Dept 1995]) the Court held “[w]hile the certified copies of prior delinquency findings were * * * not included with the petition, appellant’s record was contained within the papers and pleadings referred from the Supreme Court, all of which were deemed a petition. Since this record reflected appellant’s prior criminal history, the petition was not jurisdictionally defective in this regard”.
It is important to note that the purpose behind the designated felony marking is to provide notice to the respondent. Juvenile proceedings are, at the very least, quasi-criminal in nature (Matter of Gregory W., 19 NY2d 55 [1966]) and the juveniles are entitled to the same due process rights as adult defendants (In re Gault, 387 US 1 [1967]). A person’s right to reasonable notice of a charge against him is a fundamental requisite of due process (In re Oliver, 333 US 257, 273 [1948]; see, Matter of Andrew D., 99 AD2d 510 [2d Dept 1984], citing In re Gault, supra, and In re Oliver, supra).
In this case, along with the prominent designated felony marking, paragraph 4 of the petition states “upon information and belief there have been prior findings by a court of competent jurisdiction that the Respondent has committed acts which if committed by an adult would be criminal sale of a *93 CONTROLLED SUBSTANCE, P.L.§ 220.39 AND CRIMINAL SALE OF A controlled substance, P.L § 220.39.” Although the docket numbers were not included in this paragraph, as noted in Robert S. (supra) respondent was on sufficient notice that the petition against him was a designated felony petition. The petition was marked in such a way that adequately communicated the statutorily required information. Therefore, respondent’s motion to dismiss is denied.
As to the second issue, the court finds that permitting Presentment Agency to reopen its direct case to submit the certified copies of prior delinquency findings does not deny respondent a fair trial.
The determination to reopen a case during trial for further testimony lies within the reasonable discretion of the trial court. (People v Smith, 173 AD2d 416 [1st Dept 1991]; see also, People v Dixon, 147 AD2d 769 [3d Dept 1989], citing People v Ventura, 35 NY2d 654 [1974].) The statutory order of trial is not a rigid framework; the trial court retains its common-law power to alter the order of proof in its discretion and in furtherance of justice “at least up to the time the case is submitted to the jury”. (See, People v Olsen, 34 NY2d 349, 353 [1974].) Family Court Act § 342.1 (4) also authorizes the court, in the interest of justice, to “permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but more properly a part of the offering party’s original case.”
The appellate courts appear to place great emphasis on whether or not respondent presented a defense before permitting additional evidence by the People. In People v Richardson (25 AD2d 221, 225 [1st Dept 1966]), the Court held, “[i]t is the duty of the People to present the full case on which it relies to the jury. Moreover, the tactics used could be deemed to have prejudiced the defendants considerably, for the alibis offered by the defense — when it reopened its case — appeared to be an afterthought. The prosecutor should not be allowed to so subvert the presentation of the evidence”. Also in Matter of Mario F. (216 AD2d 213 [1st Dept 1995]) the appellant presented a defense that he could not have dropped the gun onto the bus stop from where the officer said he was standing. The trial court permitted the officer to correct his testimony. The Appellate Division held that permitting introduction on rebuttal of corrected police testimony that contradicted earlier testimony of officer and information provided in pretrial discovery denied juvenile a fair trial.
Conversely, in People v Ayers (55 AD2d 783 [3d Dept 1976]) the People were allowed to reopen their direct case to establish *94 that dihydromorphinone was an opium derivative and a prohibited controlled substance, particularly in view of the fact that defendant had not yet presented any evidence. And in People v Matos (158 AD2d 959 [4th Dept 1990]) the prosecutor’s request to reopen his direct case to offer evidence from a codefendant was granted. Also in People v Hinkley (178 AD2d 800 [3d Dept 1991]), the Court held that since the informant’s testimony was crucial and attorneys were allowed to present additional summations following testimony, there was nothing to suggest that the People were seeking to gain improper tactical advantage.
Presentment Agency’s sole request to reopen the direct case is merely to have the court take judicial notice of respondent’s prior delinquency felony findings. The error of Presentment Agency, like the error in People v Dixon (supra), was apparently due to inadvertence. There has been no showing that the Presentment Agency has sought to obtain a tactical advantage by waiting until the defense rested. Nor has there been any showing that respondent’s defense has been unfairly prejudiced or his right to a fair trial abrogated. Therefore, the court grants the Presentment Agency permission to reopen the direct case and introduce evidence more properly a part of the case-in-chief.