■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES HOLLIS, Appellant. [680 NYS2d 678] —Mercure, J. P. Appeal from a judgment of the County Court of Schenectady County (Eidens, J.), rendered April 17, 1997, upon a verdict convicting defendant of the crime of assault in the second degree.

Defendant's conviction arises out of his assault upon a court security officer at the Schenectady County Courthouse on May 30, 1996. An essential element of the crime for which he was convicted, assault in the second degree in violation of Penal Law § 120.05 (3), was that the victim be a "peace officer" as defined in CPL 2.10. On appeal, defendant contends that County Court abused its discretion in permitting the People to reopen their case after they had rested in order to present additional evidence in support of that element, that in its instructions to the jury County Court erred in repeatedly referring to the victim as a "court security officer" rather than as a "peace officer" and, finally, that defendant did not receive effective assistance of counsel. We disagree with all three contentions and accordingly affirm.

Initially, we note that the decision to permit the People to reopen their case, at least prior to its submission to the jury, lies within the sound discretion of the trial court (*see, People v Olsen*, 34 NY2d 349, 353; *see also, People v Washington*, 71 NY2d 916, 918; *People v Ynoa*, 223 AD2d 975, 977-978, *lv denied* 87 NY2d 1027). We perceive no abuse of that discretion here. On the People's direct case, the victim offered competent evidence supporting a finding that he qualified as a peace officer under two of the categories set forth in CPL 2.10, i.e., a uniformed court officer of the Unified Court System (CPL 2.10 [21] [a]) and a special patrolman of a political subdivision appointed pursuant to General Municipal Law § 209-v (CPL 2.10 [37]). Defense counsel chose not to cross-examine the victim concerning his status as a peace officer or otherwise challenge the People's evidence supporting that element but instead made the tactical decision to await the close of the People's case and then move to dismiss the indictment on the basis of the People's purported failure to establish a prima facie case. When thus first alerted to the claim that their evidence was deficient, the People countered with an offer to submit additional evidence on the issue. Significantly, defendant's sole present claim of prejudice is based not on the time of receipt of the additional evidence but upon its overwhelming probative value—essentially compelling a finding that the victim was a peace officer.

We are similarly unpersuaded that County Court's jury instructions were erroneous. The only trial evidence on the issue established that if the victim qualified as a peace officer at all, it was as a court security officer within the purview of either CPL 2.10 (21) (a) or CPL 2.10 (37) and General Municipal Law § 209-v (1). Rather than remove the "peace officer" ele-

ment from the crime of assault in the second degree, County Court merely tailored its instructions to the trial evidence, charging the jury that it could find defendant guilty only if it found that the victim was a court security officer and was acting in that capacity at the time of the assault. We conclude that County Court's instructions, taken as a whole, conveyed the appropriate legal principles (*see, People v Coleman*, 70 NY2d 817; *People v Ladd*, 224 AD2d 881, *affd* 89 NY2d 893).

As a final matter, we reject the contention that defendant was denied effective assistance of counsel (*see, People v Rivera*, 71 NY2d 705, 708; *People v Baldi*, 54 NY2d 137, 147). In contending that "the light bulb went off in [trial counsel's] head" and he "finally came to his senses" regarding the "peace officer" issue only after the People had rested, defendant not only mischaracterizes trial counsel's plausible tactic of awaiting the close of the People's case to attack the alleged deficiencies in their evidence, but also substantially overstates the significance of that issue. Whether the alleged weakness in the People's evidence was "exposed" during their direct case or after, the result would be the same, i.e., the People's proffer of overwhelming documentary evidence that the victim qualified as a peace officer.

Defendant's remaining contentions have been considered and found to be similarly meritless.

Yesawich Jr., Peters, Spain and Graffeo, JJ., concur. Ordered that the judgment is affirmed.