■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANGEL SERRANO, Appellant. [690 NYS2d 49] —Judgment, Su-

preme Court, New York County (Nicholas Figueroa, J.), rendered March 4, 1997, convicting defendant, after a jury trial, of robbery in the first degree and bribery in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 20 years to life and 3½ to 7 years, respectively, unanimously affirmed.

The verdict was based on legally sufficient evidence. We see no reason to disturb the jury's findings concerning identification. Defendant's sufficiency claim concerning the asportation requirement for a completed robbery (see, People v Olivo, 52 NY2d 309, 315-319) is unpreserved and we decline to review it in the interest of justice. Were we to review this claim, we would find that the evidence established that defendant obtained control over the victim's chain, and thus the asportation requirement was satisfied (supra; see also, People v Alamo, 34 NY2d 453, 457-458).

Defendant's claims regarding alleged errors in the court's charge are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the charge and supplemental instructions, viewed as a whole, conveyed the proper standard.

The court properly exercised its discretion when it permitted the People to reopen their case, prior to summations, by recalling the complainant for a limited purpose occasioned by unexpected developments (see, People v Olsen, 34 NY2d 349, 353-354).

Defendant was properly sentenced as a persistent violent felony offender. Since defendant was sentenced pursuant to Penal Law § 70.08, the provisions of section 70.10 were inapplicable. Concur—Ellerin, P. J., Tom, Lerner, Buckley and Friedman, JJ.