■ In the Matter of DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, on Behalf of SABRINA T., Appellant, v SHIRLEY U., Respondent. [698 NYS2d 535] —In a child protective proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Dutchess County (Pagones, J.), entered April 29, 1998, as, upon the denial of its application to reopen the fact-finding hearing to present evidence that the subject child was under 18 years of age, dismissed the petition.

Ordered that the order is reversed insofar as appealed from, on the law and as a matter of discretion, without costs or disbursements, the petition is reinstated, the petitioner's application to reopen the hearing is granted, and the matter is remitted to the Family Court, Dutchess County, for further proceedings consistent herewith.

The Family Court improvidently exercised its discretion in

denying the petitioner's application for permission to reopen its direct case. A trial court, in the exercise of its discretion and for sufficient reasons, may allow a party to reopen and supply defects in evidence which have inadvertently occurred (*see, Benjamin v Desai,* 228 AD2d 764, 766; *see also, People v Olsen,* 34 NY2d 349; *People v Foy,* 32 NY2d 473; *People v Smith,* 173 AD2d 416; *Matter of Daniel A.,* 178 Misc 2d 90, 93-94; *cf., Feldsberg v Nitschke,* 49 NY2d 636, 643).

Here, the record indicates, *inter alia,* that the proof in question was omitted due to inadvertence (*Benjamin v Desai, supra; Matter of Daniel A., supra*), that the petitioner's application was not aimed at gaining a tactical advantage or creating delays (*Malhotra v Gupta,* 226 AD2d 682), and that the respondent would suffer no prejudice if the application were to be granted (*see, Harding v Noble Taxi Corp.,* 182 AD2d 365, 370; *Kennedy v Peninsula Hosp. Ctr.,* 135 AD2d 788, 791). Ritter, J. P., Santucci, Thompson and Joy, JJ., concur.