■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH BROCK, Appellant. [714 NYS2d 15] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered December 21, 1998, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 7½ to 15 years, unanimously affirmed. Order, same court and Justice, entered on or about September 15, 1999, which denied defendant's CPL 440.10 motion to vacate the judgment of conviction, unanimously affirmed.

Defendant has not substantiated his contention, raised in support of his pretrial motion to dismiss the indictment as well as his CPL 440.10 motion, that the prosecutor impaired the Grand Jury process by suspending an offer of probation to a

defense witness called by Grand Jury. Defendant offered only hearsay and conjecture as to whether the witness was even willing to provide unimmunized testimony and whether the prosecutor's suspension of the plea offer caused him to assert his Fifth Amendment privilege. In any event, the People did not condition a plea offer on the witness's agreement not to testify before the Grand Jury. Instead, they acted appropriately in deferring a plea offer pending the witness's Grand Jury testimony (*see*, *People v Moore*, 194 AD2d 695, *lv denied* 82 NY2d 807; *compare*, *Webb v Texas*, 409 US 95; *People v Shapiro*, 50 NY2d 747, 761-762).

The court's summary denial of defendant's CPL 440.10 motion was proper because, as the court found, the record was sufficient to permit review of defendant's ineffective assistance claim, and such claim was refuted by the trial record. Defendant's claim did not raise any issues of a type that would have necessitated a hearing. Contrary to defendant's argument that a factual issue has been raised regarding trial counsel's preparation for trial, the record establishes that counsel was fully prepared and provided meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714).

We perceive no abuse of sentencing discretion.

Defendant's remaining contentions, including those contained in his *pro se* supplemental brief, are unpreserved or unreviewable and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Sullivan, P. J., Rosenberger, Lerner, Andrias and Friedman, JJ.