■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARWIN WHIPPLE, Appellant. [714 NYS2d 554] —Carpinello, J. Appeal from a judgment of the County Court of Sullivan County

(LaBuda, J.), rendered December 17, 1998, upon a verdict convicting defendant of two counts of the crime of driving while intoxicated.

Defendant was indicted on two counts of operating a motor vehicle while under the influence of alcohol (*see*, Vehicle and Traffic Law § 1192 [2], [3]; § 1193 [1] [c]) stemming from his operation of a vehicle in the parking lot of a bar located in the Town of Thompson, Sullivan County. During a precharge conference *prior* to the conclusion of the People's case, County Court specifically informed the parties that it intended to charge the jury with Vehicle and Traffic Law § 1192 (7), which reads: "For the purposes of this section 'parking lot' shall mean any area or areas of private property, including a driveway, near or contiguous to and provided in connection with premises and used as a means of access to and egress from a public highway to such premises and having a capacity for the parking of four or more motor vehicles." While defense counsel requested "time to take a look at [the statute]" upon being informed of the proposed charge, the prosecutor replied, "That's fine, judge."

Notwithstanding, no evidence was tendered by the People during their case-in-chief to establish that the parking lot in which defendant was operating his vehicle constituted a parking lot within the meaning of the statute (*cf.*, *People v Hollis*, 255 AD2d 615, *lv denied* 92 NY2d 1033). After both sides rested, defense counsel moved for a trial order of dismissal specifically directed at the People's failure of proof on this particular element. The motion was denied and the People were thereafter permitted to reopen their case to elicit testimony from the arresting deputy about the capacity of the parking lot. Found guilty of both counts by the jury, defendant appeals.

Defendant's motion for a trial order of dismissal should have been granted as a matter of law since the trial evidence was legally insufficient to establish the charged offenses, namely, *no* evidence was offered to prove the parking lot's capacity prior to the close of proof (*see*, CPL 290.10 [1]; *compare*, *People v Hollis*, *supra*). The failure to submit any proof on a necessary element of each count, which can only be attributed to a failure on the part of the People (*compare*, *People v Ayers*, 55 AD2d 783), was fatal to their case (*see*, *People v Coles*, 47 AD2d 905; *People v Mauge*, 20 AD2d 154; *see generally*, *People v Havelka*, 45 NY2d 636; *People v Bryant*, 37 NY2d 208; *People v Ynoa*, 223 AD2d 975, *lv denied* 87 NY2d 1024, 1027). Thus, while a trial court certainly has discretion in permitting witnesses to testify out of the usual order (*see*, CPL 260.30), that discretion

does not permit the reopening of a case after a meritorious motion to dismiss for legal insufficiency following the close of all proof.

Significantly, the need to prove this particular element was not an unexpected or unforeseen development (*see, People v Serrano*, 261 AD2d 197, 198, *lv denied* 94 NY2d 829; *People v Ayers, supra; see also, People v Frieson*, 103 AD2d 1009), it having been the subject of the precharge conference during the trial. Moreover, the circumstances surrounding the motion to reopen in this case differ from those cases where the motion was made to permit a previously unavailable witness to testify (*see, People v Durden*, 204 AD2d 480, *lv denied* 84 NY2d 825; *People v Hinkley*, 178 AD2d 800, *lv denied* 79 NY2d 948) or to simply admit an exhibit or stipulation into evidence (*see, People v Walker*, 215 AD2d 418, *lv denied* 86 NY2d 742; *People v Martin*, 180 AD2d 602, *lv denied* 80 NY2d 906). Finally, assuming, without deciding, that the trial experience of the prosecuting attorney should be a relevant consideration in ruling on a motion to reopen generally (*see, People v Murray*, 165 AD2d 690, *lv denied* 77 NY2d 880), this factor does not weigh in favor of reopening here since the necessity of proving Vehicle and Traffic Law § 1192 (7) was discussed during the trial and it appears that this prosecutor had seven or eight years' experience in the District Attorney's office.

Cardona, P. J., Peters, Graffeo and Mugglin, JJ., concur. Ordered that the judgment is reversed, on the law, and indictment dismissed.