OPINION OF THE COURT
George J. Pulver, Jr., J.
Factual Background
Indictment 00-081 charges defendant with one count of the class D felony of promoting prison contraband in the first degree (see, Penal Law § 205.25 [2]) for actions which allegedly occurred at Coxsackie Correctional Facility on April 19, 2000. Namely, defendant is accused of possessing “a razor type weapon with a tape handle and a tape and string sheath.” After the People’s presentation of their case at trial, the defense moved for a trial order of dismissal (see, CPL 290.10 [1]) on numerous bases of the People’s alleged proof deficiencies. The People opposed the motion and request that the court allow them to reopen their case. The People also request that the court take judicial notice of Rule 113.10 of the Institutional Rules of Conduct (7 NYCRR 270.2 [B] [14] [i]) which provides: “Inmates shall not make, possess, sell or exchange any items of contraband that may be classified as a weapon by description, use or appearance.” The defense opposes both of those requests.
After entertaining the original applications midtrial, out of the presence of the jury, the court reserved decision, discharged the jury, and directed counsel to research all issues and appear for further oral argument the next day. Now, after having read counsel’s submissions and after having heard further argument, the court renders this decision and order addressing all issues ad seriatim.
People’s Request to Reopen Their Case to Adduce Further Proof
The People have asked to reopen their case in order to satisfy the proof deficiencies pointed out by the defense’s motion for a trial order of dismissal for failure to prove a prima facie case. In support of their request, the People claim that the determination whether to permit the prosecution to reopen a case rests with the sound discretion of the Trial Judge.
If this were a pretrial hearing the rule would be that the People are not permitted a “second bite at the apple” and would not be permitted to reopen its proof after having had a full opportunity to present its case (see, People v Havelka, 45 NY2d 636; People v Ynoa, 223 AD2d 975). The rule for allowing the *476 reopening of a case after the People have rested at trial but before the case has gone to the jury for deliberations — which is what the request is in this case — is similarly strict; CPL 260.30 (7), which sets forth the statutory order of a trial, provides that “[i]n the interest of justice, the court may permit either party to offer evidence upon rebuttal which is not technically of a rebuttal nature but is more properly a part of the offering party’s original case.”
Interpreting this, the Court of Appeals has held that a trial court may alter the order proof in a trial “ ‘in its discretion and in furtherance of justice’ ” (People v Olson, 34 NY2d 349, 353; see also, People v Ventura, 35 NY2d 654; People v Washington, 71 NY2d 916, 918). In People v Ventura (supra, at 655), after reviewing the “restricted proffer of the testimony [the witness] might be expected to give,” the Court of Appeals found that the trial court reasonably exercised its discretion in denying the defense request to reopen the proof to permit another defense witness to testify. Similarly, in People v Washington (supra), the Court of Appeals upheld the trial court’s declination of the defense’s request to reopen the case in order to permit the defendant to address the jury.
Also relevant is People v Walker (215 AD2d 418) which stands for the proposition that, while the court may appropriately exercise its discretion to alter the order of a trial by reopening the trial proof, this should only be done in certain circumstances such as reopening in order to permit the admission into evidence of an exhibit marked for identification and offered into evidence but inadvertently not received and marked into evidence. Other limited circumstances where it would be appropriate for the court to exercise its discretion to reopen the case would be: to allow a stipulation to be placed on the record or to allow the offering of newly discovered evidence (see, Muldoon, Handling a Criminal Case in New York § 18:7 [1999 ed]).
The People cite People v Serrano (261 AD2d 197) wherein a trial court’s decision to permit the People to reopen their case was upheld. However, as defense counsel aptly points out, the reopening in that case was for a limited purpose and due to unexpected developments; in this case, the People seek to reopen the case to recall witness Sergeant Daniel Gunderman in order to adduce evidence as to: “defendant’s identity; the rules posted throughout the facility and his understanding of what contraband is.”
The court has also read the case of People v Hollis (255 AD2d 615) wherein the trial court permitted the People to reopen *477 their case to submit additional proof as to one element of a crime after the defense had moved to dismiss for failure to prove a prima facie case. The Appellate Division, Third Department, found that this was not an abuse of the trial court’s discretion, noting that the People had submitted some evidence as to the allegedly unproven element and that the defendant’s prejudice was solely due to its overwhelming probative value (id.). This court finds that the Hollis case is similar to the case at hand to some degree. However, unlike the situation in People v Hollis, the People in this case seek to reopen their proof to introduce evidence on more than just one issue.
Additionally, the Third Department has also held that it is an abuse of a trial court’s discretion to permit the prosecution to reopen its case in order to adduce testimony by alleged eyewitnesses which should have been presented in the People’s main case (see, People v Whipple, 276 AD2d 829; see also, People v Frieson, 103 AD2d 1009). Additionally, permitting the People to reopen their case to introduce evidence when they offer no satisfactory reason why they could not have done so in their case-in-chief is “inherently prejudicial to [the] defendant” (People v Coles, 47 AD2d 905, 906).
Therefore, applying the facts of this case to the legal standard, and considering the People’s offer of proof as well as the People’s failure to offer a satisfactory reason why they did not, during their case-in-chief: (1) adduce the identification evidence; (2) ask the court to take judicial notice of the New York regulation that prohibits inmates from possessing certain items; and (3) adduce evidence as to the defendant’s knowledge that a razor blade is dangerous contraband, and noting that the People seek to reopen their case in order to prove three deficiencies, not merely one overlooked item, and in conjunction with the fact that the People rested their case and only asked to reopen it after the defense moved for dismissal based on the abovementioned delineated potential deficiencies, and noting the obvious prejudice which would result to the defendant if the People were permitted to reopen their case-in-chief, the court hereby finds that it would be an improvident exercise of its discretion to grant the People’s request to reopen the proof. Therefore, the court denies the People’s request in this regard.
People’s Request for the Court to Take Judicial Notice of NYCRR
After defense counsel moved for a trial order of dismissal on myriad bases, the People requested that the court take judicial *478 notice of the NYCRR provision that prohibits inmates from making, possessing, selling or exchanging any items of contraband that may be classified as a weapon by description, use or appearance. However, this request was not made by the People until after they had rested their case and the defense had moved for a trial order of dismissal pointing out certain deficiencies in the People’s case.
The People argue that it is entirely appropriate for the court to take judicial notice of this regulation insofar as it further amplifies the definition of contraband referenced in the Criminal Jury Instructions. Defense counsel argues that the request to take judicial notice of this regulation would be completely proper if it had been done in a timely manner, i.e., prior to the time the People rested their case.
The court agrees with the defense. In the past, in trials involving similar charges, the People have asked the court, in the presence of the jury, and during the presentation of their proof, to take judicial notice of the relevant NYCRR provision. This leads the court to believe that the People inadvertently forgot to ask the court to take judicial notice in this case and only did so because of the defense’s motion for a trial order of dismissal. Believing that granting this request for the court to take judicial notice is tantamount to allowing the People to reopen their case, and this court having already ruled that it will not permit the People to reopen their case, the court hereby denies this request by the People.
Motion for Trial Order of Dismissal Based on Insufficient Legal Evidence Proving the Identification of Defendant as the Perpetrator of the Crime
The first basis for the defense’s motion for a trial order of dismissal is that the People failed to establish, via the evidence now adduced, that the defendant Jason Canty is the perpetrator of the charged crime.
It is axiomatic that in order for the People to sustain their burden of proving that defendant committed the alleged crime they must present “competent evidence which, if accepted as true, would establish * * * the defendant’s commission [of the charged offense]” (CPL 70.10 [1]). Reasonable cause to believe that a person has committed an offense exists when “evidence or information which appears reliable discloses facts or circumstances which are collectively of such weight and persuasiveness as to convince a person of ordinary intelligence, judgment and experience that it is reasonably likely that such offense was committed and that such person committed it” (CPL 70.10 [2]; emphasis supplied). *479 In evaluating a motion for a trial order of dismissal the court must not weigh the evidence since that would be usurping the function of the trier of fact. Therefore, this court misspoke yesterday if it appeared to indicate, on the record, that the People’s proof of identification must be beyond a reasonable doubt in order to survive, the defense’s motion. Rather, the appropriate legal standard for a motion seeking a trial order of dismissal is for the court to view all of the evidence adduced in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620, 621) and to determine if such “competent evidence * * * if accepted as true, would establish * * * the defendant’s commission [of the charged offense]” (CPL 70.10 [1]). If the evidence adduced thus far satisfies this standard then the question as to whether identification was proven beyond a reasonable doubt is for the jury to determine.
The court notes that the People did rest their case without any in-court identification of defendant by a witness as the person wearing such clothing and/or sitting next to defense counsel, etc. However, upon review of the evidence adduced by the People as to the issue of identification, and viewing it in the light most favorable to the People, this court finds that such evidence is legally sufficient and that, therefore, the motion for a trial order of dismissal on this basis is denied. The issue of the weight of the identification evidence is a jury question.
Defense’s Motion for a Trial Order of Dismissal Based on Insufficient Legal Evidence Proving that a Razor-Type Item is Contraband
The defense has also moved for a trial order of dismissal on the basis that the People failed to prove that the item moved into evidence as People’s exhibit 4 is contraband and therefore necessarily failed to prove the requisite element of the charged crime that the alleged item is “dangerous contraband.”
Contraband is defined as “any article or thing which a person confined in a detention facility is prohibited from [inter alia\ possessing by statute, rule, regulation or order” (Penal Law § 205.00 [3]). For contraband to be “dangerous contraband” it must be “contraband which is capable of such use as may endanger the safety or security of a detention facility or any person therein” (Penal Law § 205.00 [4]). Therefore, in order for defendant to be convicted of the charged crime the People must prove that the item which defendant possessed was an item which he was prohibited from possessing by statute, rule, regulation or order.
*480 After careful review of the evidence introduced by the People as of this point in time, the court finds that the People failed to introduce any evidence that a razor blade is an article or thing which an inmate at Coxsackie Correctional Facility is prohibited by statute, rule, regulation or order from possessing because no statute, rule, regulation or order prohibiting any items was entered into evidence by the People prior to the time that they rested their case.
The past practice of the District Attorney’s office has been to ask this court to take judicial notice of the relevant NYCRR regulation which is contained in an informational booklet which all inmates receive upon their admission into the correctional system. However, in this case, the People closed their presentation of the proof without asking the court to take judicial notice of this regulation. Therefore, there is no way, based on the evidence now before the jury, that the jury could rationally conclude that the item allegedly possessed by defendant is contraband. Accordingly, the defense’s motion for a trial order of dismissal based on the People’s failure to prove a prima facie case by virtue of their failure to prove that a razor item could be contraband is hereby granted.
Therefore, the indictment against the defendant is hereby dismissed and the defendant is remanded to the custody of the Department of Correctional Services to resume service of the prison sentence which he is presently serving on unrelated charges.
In light of the court’s decision as to issue four, the fifth issue raised, i.e., the defense’s motion for a trial order of dismissal based on the People’s failure to prove that defendant knowingly possessed dangerous contraband, need not be addressed.